The Town of South Ottawa, Plaintiff in Error, *v.* Amasa Foster, use, etc., Defendant in Error.

ERROR TO LA SALLE COUNTY COURT.

A court on overruling a demurrer, if the party pleading it does not ask to plead over, may give judgment against the defendant and call a jury to assess the damages.

On an inquest of damages, a defendant is not permitted to introduce a substantive defense.   He may cross-examine a witness of the plaintiff to overthrow a direct examination, but nothing further.   He may also introduce witnesses to reduce the amount of the recovery.   If the inquest is taken in open court, he may ask for instructions.

This was an action on the case, brought in the County Court of La Salle county, by Foster, for the use of Whipple, against the town of South Ottawa, to recover damages for a team and wagon having fallen off of an embankment at the end of the Coval Creek bridge, in said town.   The declaration is in the usual form in an action on the case, alleging that it was the duty of the town to keep the embankment in repair, and that, · by reason of a neglect of that duty, the team and wagon were precipitated down the embankment and injured, and $300 dam-

ages were claimed. The declaration was filed to the September term of the court, 1857.

The town filed a demurrer to the declaration, which, after argument, was overruled by the court, and the town abided by the demurrer.

On the inquest of damages, the defendant (the town) offered proof tending to affect the credibility of a witness introduced by Foster, and also tending to defeat the plaintiff's cause of action, and in that connection, the court instructed the jury, " that they could not consider the evidence thus offered as tending to defeat the plaintiff's cause of action, but that they might consider it in any point of view in which they might think it tended to induce the jury to place more or less reliance on the witness' credibility." The defendant objected to the ·giving of said instruction, and the court overruled the objection.

The plaintiff offered evidence tending to prove that the plaintiff was the owner of a pair of horses and wagon, worth from $200 to $300, which were being driven down the hill on to the bridge embankment, after dark, with a heavy load, the hill was icy, and one of the horses fell, and thereupon the team and wagon were precipitated over the embankment, and one horse killed, and the other so badly injured that he was worthless, and the wagon and harness were also injured, and that the damage was from $200 to $300.

The defendant introduced a witness and asked him, " whether or not, in his opinion, it was prudent for any person, at that time after dark, to go down that hill with a loaded wagon without having both hind wheels locked." The plaintiff objected to the question, and the court sustained the objection.

The defendant then called another witness and asked him, " whether or not Foster (the plaintiff) had stated to him (the witness) that the cause of the accident was the breaking of the lock-chain." The plaintiff objected, and the court sustained the objection.

At the instance of the plaintiff, the court instructed the jury, that, " It is conceded for the purposes of this case that the plaintiff is entitled to recover, and the only question before the jury is, how much damage the plaintiff has sustained by the injury to his team, wagon and harness, by reason of the same being precipitated down the hill, and the true measure of damages is the actual amount said team, wagon and harness were reduced in value thereby, not exceeding $300." Defendant excepted to the giving of this instruction.

Defendant asked the court to instruct the jury, " that if they believed, from the evidence, that the negligence of the plaintiff, or his servant, contributed to the loss sustained, then the jury

20

should find only nominal damages for the plaintiff." The court refused so to instruct.

The jury rendered a verdict for $230. The defendant moved the court to set aside the inquest; the court overruled the motion, and defendant excepted.

The following errors are assigned :

1st. The court erred in overruling defendant's demurrer to the declaration.

2nd. The court erred in excluding proper testimony offered by defendant.

3rd. The court erred in giving the instructions that were given.

4th. The court erred in refusing instructions asked by the defendant.

5th. The court erred in refusing to set aside the inquest of damages.

GRAY & WALLACE, for Plaintiff in Error.

GLOVER & COOK, and LELAND & LELAND, for Defendant in Error.

BREESE, J. The demurrer filed in this cause was properly overruled, for the declaration stated a good cause of action, and in plain and perspicuous language.

The court, on giving judgment against the demurrer, if the party pleading it did not ask to withdraw it, and plead to issue, could, as it did, give judgment against the defendant for the damages, and cause a jury to be empanneled to assess those damages.

What consequences flow from this ? By not pleading further, the demurrer being to the merits and in bar, admitted the cause of action as stated in the declaration—it admitted all the facts therein set out, and they could not be controverted on the inquest.

The right of a defendant on an inquest of damages does not extend so far as to allow him to introduce a substantive defense. He may overthrow, by a cross-examination, what has been testified to by the witness on his direct examination, but he cannot, by the witnesses called by the plaintiff, establish a substantive defense. He may also introduce witnesses to reduce the amount of the recovery, and when taken in open court, ask for instructions to the jury, and this is the extent and meaning of the rule laid down in the *Chicago and Rock Island Railroad Co.* v. *Ward*, 16 Ill. R. 522.

Under this view, the testimony of the witness who was asked if, in his opinion, it was prudent for any person, at that time, after dark, to go down that hill with a loaded wagon without having both hind wheels locked, was properly rejected, as it introduced a substantive defense; and so of the testimony of the other witness—that pointed to the same object. If there was any defense, it should have been raised by plea.

The instructions given on behalf of plaintiff were correct. That asked by the defendant was properly refused, because the plaintiff's negligence was not a matter of inquiry on the inquest.

The points presented by the demurrrer are disposed of by reference to the 22nd, 23rd and 24th sections of the law providing for township organization. There the duty is imposed, and means provided to discharge the duty.

There being no such errors as are assigned, the judgment of the court below is affirmed.

*Judgment affirmed.*