## THE TOWN OF WALTHAM

### *v.*

## JACOB KEMPER.

1. MUNICIPAL CORPORATIONS—*of their liability to a private action for neglect of duty in keeping highways in repair.* While such corporations as villages, towns and cities, created for their own benefit, are held liable to private actions for injuries resulting to individuals by reason of the neglect of the corporate authorities to keep their streets, street crossings and sidewalks in repair, there is a distinction in that regard, between that character of corporations and towns established by law as civil divisions of a county, merely; the latter are not liable, either by the common law, or under any statute in this State, to a private action for damages occasioned by the neglect of the town authorities to keep their public highways in repair.

2. FORMER DECISIONS. The case of *The Town of South Ottawa v. Foster*, 20 Ill. 296, so far as it holds the latter description of towns liable to such private actions, is overruled.

3.  In respect to that character of liability, there is no difference between the authorities of counties, and their powers and duties in regard to public highways, and towns established by law as civil divisions of counties, merely, and the doctrine of the case of *Hedges* v. *The County of Madison*, 1 Gilm. 567, declaring that counties are not liable to such private actions, applies to towns of that description.

Appeal from the Circuit Court of LaSalle county; the Hon. Edwin S. Leland, Judge, presiding.

The opinion states the case.

Messrs. Glover, Cook & Campbell and Mr. M. E. Hollister and Mr. A. J. Grover, for the appellant.

Messrs. Bushnell & Avery, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

Jacob Kemper complained in an action on the case, against the town of Waltham, in LaSalle county, that by reason of not keeping in repair a certain public highway in said town, which it was their duty to keep in repair, his team, and wagon loaded with goods and chattels, was unavoidably mired, he using due care, and that in extricating his team and himself from the mire and mud, he became wet and chilled, occasioning sickness, etc., and he so remained for a long time, suffering great pain, and was thereby prevented from attending to his ordinary business.

The plea was the general issue. There was a trial by jury, and a verdict for the plaintiff on which the court rendered judgment, to reverse which the town appeals.

The only question important to be considered is the liability of the town.

The case relied on by appellee to sustain the judgment, is *The Town of South Ottawa* v. *Foster* 20 Ill. 296. That case

came before this court by writ of error to the circuit court of LaSalle county, and various errors were assigned, the first of which was overruling the demurrer to the declaration.

It was an action on the case, to recover damages against the town of South Ottawa for injuries resulting to a team of horses and wagon of the plaintiff, by falling off an embankment at the end of a bridge over Covel creek, in that town, on the allegation that it was the duty of the town to keep the embankment in repair, averring a neglect of that duty.

The cause was not elaborately argued, and the decision of the court, without as much examination as should have been bestowed, was based entirely on the provisions of articles 22, 23 and 24, of the township organization law of 1851, Scates' Comp. 324, which we then thought, by a fair construction of their provisions, especially those of article 22, imposed a liability on the town, which, on their failure properly to discharge, subjected the town to an action for damages. No reference or allusion was made in the argument to a difference in this respect between corporations created for their own benefit, and the inhabitants of a district invested by statute, *in invitum*, with particular powers, making them corporations without their consent.

It was argued in that case, that the town was a corporation, created by statute, capable of suing and being sued; that they were bound by statute to keep the public highways in repair; that they had power to levy taxes for such purpose, and for a dereliction of such duty they were liable in damages to the plaintiff. In the consideration given that case, the distinction was not drawn, which seems to have been acknowledged by some courts, between corporations, such as cities, created for their own benefit, and towns established by law as civil divisions of a county, merely, and in which the inhabitants had no agency or participation. The former are held to stand on the same ground as individuals, and have no exemptions from liability except such as may be given them by their charters.

The reason for the distinction is adverted to by this court in *Browning* v. *The City of Springfield*, 17 Ill. 143, and it is this: that a municipality by voluntarily accepting a charter, impliedly contracts on their part to perform all the duties imposed on them, and they are made of perfect obligation by being clothed with all the power and authority necessary to their full performance, and, in this respect, there is no difference between such a corporation and a private corporation or individual, who had received from the sovereign power a valuable grant charged with conditions. At the common law, actions are maintainable against such, but ever since the case of *Russell et al.* v. *The Men dwelling in the County of Devon*, 2 Term R. 671, it has been held, with but a few exceptional cases, that towns or counties, though corporations, but existing as such only for the purposes of the general political government of the State, are not liable at the common law to actions for neglect of duty, and can only be made liable by statute. It was on the authority of this case, that *Hedges* v. *The County of Madison*, 1 Gilm. 567, was decided. The departure from the ruling in this case in *South Ottawa* v. *Foster, supra*, was doubtless owing to a supposed difference between the authorities of towns and their powers and duties in regard to public highways, and those of counties.

We are satisfied in this respect there is no difference, and the case of *Hedges* v. *The County of Madison* must be held to apply to towns, they being the same kind of corporations as counties, and created, *in invitum*, for certain political or governmental purposes, and the former having no greater power by statute over roads and bridges than the latter had.

That case holds that the duties to be performed by a county are for the benefit of the public, intimating that the remedy for neglecting to perform them must be by public indictment, and that no private action by an individual claiming to have been injured by the neglect will lie, unless it is given by statute.

In the case of these *quasi* corporations, made so without their consent, duties may be imposed, and their performance compelled under penalties, but the corporators who are made such *nolens volens*, are not, and can not be considered, in the light of persons who have voluntarily and for a consideration, assumed obligations so as to owe a duty to every person interested in the performance. Cooley's Const. Lim. 247. Referring to *Mower* v. *Leicester*, 9 Mass. 250; *Bartlett* v. *Crozier*, 17 Johns. 439; *Farnum* v. *Town of Concord*, 2 N. H. 392; *Adams* v. *Wiscasset Bank*, 1 Greenlf. 361; *Baxter* v. *Winooski Turnpike*, 22 Verm. 123, *Eastman* v. *Meredith*, 36 N. H. 284, and many other cases, all following the ruling in *Russell* v. *The Men of Devon, supra*.

The reason which exempts these public bodies from liability to private actions, based upon neglect to perform a public duty, does not apply to villages, boroughs and cities, which accept special charters from the State. The grant of the corporate franchise in those cases is usually made only at the request of the citizens to be incorporated, and it is justly assumed that it confers a valuable privilege, and which is held to be a consideration for the duties imposed by the charter. By those charters, larger powers of self government are conferred than those confided to towns or counties; larger privileges in the acquisition and control of corporate property, and special authority is given them to make use of the public highways for the special and peculiar convenience of the citizens of the municipality in various modes not permissible elsewhere. These grants raise an implied promise on the part of the corporation to perform their corporate duties, and it enures to the benefit of every individual interested in its performance. Ibid. 248.

It is upon this theory the cases of *Browning* v. *The City of Springfield, supra; City of Joliet* v. *Verley*, 35 Ill. 58; *City of Bloomington* v. *Bay*, 42 ib. 503; *City of Springfield* v. *LeClaire*, 49 ib. 476, are sustainable, and though other courts of great respectability, among them the Supreme Court of Michigan, by a majority decision, repudiate these considerations, we think

they are founded in good reason, and have received the sanc-
tion of other courts of the highest authority. The leading
English cases are referred to in *Browning* v. *The City of Spring-
field, supra ; Mayor of Lynn* v. *Turner,* Cowper, 86 ; *The Mayor
and Burgesses of Lyme Regis* v. *Henley,* 3 Barn. & Adol. 77,
(23 Eng. C. L. 32) ; *Weet* v. *Brockport,* 16 N. Y. 161 ; *Hutson*
v. *New York,* 9 ib. 163 ; *Conrad* v. *Trustees of Ithica,* 16 ib.
158 ; *Storrs* v. *City of Utica,* 17 ib. 104 ; *Mills* v. *City of
Brooklyn,* 32 ib. 489 ; *Lee* v. *Village of Sandy Hill,* 4 ib. 442 ;
*Meares* v. *Town of Wilmington,* 9 Ired. 73 ; *Pittsburgh* v. *Grier,*
22 Penn. 54 ; *Smoot* v. *The Mayor of Wetumpka,* 24 Ala. 112,
and numerous other cases are referred to by Mr. Justice Coo-
LEY, in his dissenting opinion in the Michigan case, *City of
Detroit* v. *Blakeby,* 2 Alb. Law J. No. 46, p. 396. See also,
*Sutton et al.* v. *The Board of Police of Carroll County,* 41 Miss.
236.

We are satisfied, on principle and authority, the town of
Waltham was not liable to this action at common law, and
none has been given by statute. The court, therefore, should
have allowed the motion in arrest of judgment, the declaration
disclosing no liability. It was error to refuse the motion, and
for the error the judgment must be reversed and the cause
remanded.

*Judgment reversed.*