# DAVID ELMORE
## v.
# DRAINAGE COMMISSIONERS.

*Drainage—Injury to Lands—Flowage—Negligence—Ditches—Insufficiency of—Quasi Corporations.*

A drainage district, organized under the law in force in 1879. is a *quasi* corporation and not liable for the negligent acts of the commissioners, although they result in damage to private property.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Mason County; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. BEACH & HODNETT, for appellant.

The drainage district is liable for overflowing the plaintiff's land as charged in the declaration.  Nevins v. City of Peoria, 41 Ill. 502; Jacksonville v. Lambert, 62 Ill. 519; Aurora v. Gillett, 56 Ill. 132; City of Pekin v. Brereton, 67 Ill. 477; Aurora v. Love, 93 Ill. 521; Seibert v. City of Brooklyn, 10 N. J. 136; City of Elgin v. Hoag, 25 Ill. App. 650; Pye v. City of Mankato, 36 Minn. 373; Wharton on Neg., Sec. 934.

Defendant corporation having authority by law to construct drains and ditches, the damages to be paid for by assessment under special proceedings is liable for negligence in the prosecution of such work, to persons damaged thereby. Wharton on Negligence, Sec. 262; Gould on Waters, Sec. 261; Child v. Boston, 4 Allen (Mass.), 41; Emery v. Lowell, 104 Mass. 13; S. C., 109 Mass. 197; Daily v. New York, 3 Hill, 531; 3 Denio, 433; Ashley v. Port Huron, 35 Mich. 296.

The defendant corporation having been organized for the benefit of the land owners of the district by petition, which called it into existence, is therefore liable under the rule laid down in Town of Waltham v. Kemper, 55 Ill. 346, and cases there cited.

Mr. T. N. MEHAN, for appellee.

The appellees are not liable for such damages as are claimed in the declaration in this case, being a *quasi* corporation. Dillon's Mun. Corporations, Sec. 762; Angell & Ames on Corporations, Sec. 629; Hill v. Boston, 112 Mass. 344; Riddle v. Prop'rs of Locks and Canals, 7 Mass. 169; Cooney v. Town of Hartland, 95 Ill. 516; Hedges v. Co. of Madison, 1 Gilm. 567; Waltham v. Kemper, 55 Ill. 346; Cooley's Constitutional Lim., page 247; Trustees v. Schroeder, 58 Ill. 353; Hollenbeck v. Winnebago Co., 95 Ill. 148; Symonds v. Clay County, 71 Ill. 355; Addison on Torts, page 1298.

No judgment can be rendered against the defendant corporation, because it has no funds out of which such judgment can be made.  Hedges v. Madison Co., 1 Gilm. 567; Hollenbeck v. Winnebago Co., 95 Ill. 567; Commissioners v. Kelsey, 120 Ill. 482; Bartlett v. Crozier, 17 Johns. 446.

The defendants are a " body politic " as well as a " body

corporate" by the State. Drainage Law, Sec. 75, Hurd's Statute, 1887; Drainage Law, Sec. 1, Statute 1885.

Appellees are not liable under the law of *respondeat superior*, or the law governing master and servant or principal and agent. Dillon, Mun. Cor., Secs. 772, 773; Trustees v. Schroeder, 58 Ill. 353.

CONGER, J. The defendant corporation was organized under the statute in force July 1, 1879, providing for the organization of drainage districts, and to provide for the construction, maintenance and repair of drains and ditches, by special assessments on the property benefited thereby in the town of Mason City, Mason county, Illinois, the commissioners of highways being the drainage commissioners of said district. Appellant, while not a signer of the petition for the formation of the drainage district, is the owner of lands included in said district, and was assessed $800 for draining said lands; after the payment by him of such assessment, the defendant, without his knowledge or consent, enlarged the boundaries of said district by taking in a large area of territory, including the greater part of the city of Mason City, which territory had a natural drainage for the water falling thereon in a direction opposite to the lands of appellant; and defendant, by a system of drainage, collected the water falling on said area, and discharged all the water into the ditches on the lands of appellant, which were too small to carry off the water without enlarging the same, and also performed the work so carelessly and negligently as to overflow and submerge appellant's land with the water from the territory so added to the district, and precipitated upon his lands. He thereby lost the crops planted thereon, and the use of the lands; and having called the attention of the commissioners to the condition of his lands without avail, brought his action in case against the corporation. The declaration contained three counts, charging substantially the above facts and negligence on the part of the drainage commissioners in the construction of the drains, and in connecting the drains and ditches of the added territory with the drains running through plaintiff's land, and negligence in failing to enlarge and give sufficient fall to the drains on

appellant's lands, so as to carry off, without damage, the increased volume of water so discharged therein. A general demurrer was interposed to the declaration, and sustained on the ground that the corporation is not liable in an action for damages, and judgment rendered against appellant for costs, from which judgment he prosecutes his appeal to this court, alleging as error the sustaining by the court below of the demurrer to his said declaration.

We are inclined to think the demurrer was properly sustained for the reason there was no liability on the part of the defendant. We see no good reason for holding that a drainage district organized under the statute is not a *quasi* corporation governed by the same principles, in reference to being liable to such damages as are claimed in the declaration in this case, as counties, townships, school and road districts, as laid down in Town of Waltham v. Kemper, 55 Ill. 346. In that case it is said: "In the case of these *quasi* corporations, made so without their consent, duties may be imposed, and their performance compelled under penalties, but the corporators, who are made such *nolens volens*, are not and can not be considered in the light of persons who have voluntarily and for a consideration assumed obligations, so as to owe a duty to every person interested in the performance."

It is strongly insisted by appellant that in the formation of a drainage district under the statute, there is such a similarity in principle to cases where the inhabitants of cities and villages voluntarily seek and assume corporate powers, that the liability to actions like the present should be governed by the same rules.

A drainage district is formed under general laws. It is true the initiative movement is by individuals hoping to obtain some personal benefit from the formation of the district, but its officers are designated by law, not elected by the inhabitants of the district nor in any way responsible to them for their conduct, and hence, we think, there is no good reason for holding the district liable for the tortious and illegal acts of the commissioners.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*