The People *ex rel.* J. M. Longenecker, State's Attorney,

*v.*

The Village of Harvey *et al.*

*Filed at Ottawa October 31, 1892.*

1. Municipal corporation—*"incorporated town" defined.* An incorporated town, within the meaning of the statute, which provides for the formation of villages out of territory not included within the limits of any incorporated town, village or city, is a village or small collection of residences which has become incorporated for the better regulation of its internal police, etc. The clause that the territory of a proposed village shall not include territory in the limits of any city, etc., means that the new organization shall not encroach upon the territory of another municipal corporation. It does not prohibit the inclusion of territory of a town under the township system.

2. Where a county adopts the Township Organization law, a town organized under such law is a local subdivision of the State without the solicitation or consent or concurrent act of the people living therein. It is an involuntary organization for governmental purposes, and it is not an incorporated town, within the meaning of section 5, article 11, of chapter 24, of the Revised Statutes, even though it may have many of the powers of an incorporated town conferred upon it by special act.

Appeal from the Circuit Court of Cook county; the Hon. S. P. McConnell, Judge, presiding.

This is a *quo warranto* proceeding, to test the legality of the organization of the village of Harvey, in Cook County, this State. By plea to the information, respondents set up the organization of said village under sections 5, 6 and 7, of article 11, of the general act for the incorporation of cities and villages, approved April 10, 1872, alleging, among other things, that the territory so organized was not at the time "included within the limits of any incorporated town, village or city." To this plea the relator filed a replication, alleging that before the organization of said village, and prior to March 26, 1869, the county of Cook had adopted township organization, under

the laws of this State, and that the town of Thornton became duly organized as one of the towns of said county, ".with the powers and rights and officers provided by law for towns in counties under township organization." It then sets up an act of the legislature in force March 26, 1869, entitled "an act to confer additional powers on the board of auditors of town accounts, and the commissioners of highways of the town of Thornton, in the county of Cook." This act, which is set out at length in the replication, confers on said board of auditors certain police powers within said town, such as prohibiting, by ordinances, gaming, granting licenses for the sale of intoxicating liquors, appointing policemen, prescribing their duties, etc. It authorizes the commissioners of highways in said town to construct, improve or repair highways, streets, bridges or causeways by special assessment, and for levying and collecting the same. The replication further avers, that long prior to the organization of said village of Harvey, said board of auditors had, in pursuance of said act, passed a code of ordinances for the government of said town of Thornton, which ordinances are set out at length. It concludes as follows:

"And that by virtue of said act, together with the general laws of this State, aforesaid, the town of Thornton became and was, in the year 1869, and has ever since continued to be, an incorporated town, within the meaning of said words 'incorporated town,' as used in section 5, article 11, of the Cities and Villages act of this State; that all the territory included within the so-called village of Harvey, and described in said plea, is and has been ever since the year 1869 within the territorial limits of, and a part of said incorporated town of Thornton; that, therefore, under the laws of Illinois providing for the incorporation of cities and villages, to-wit, said section 5 of article 11 of an act entitled 'an act to provide for the incorporation of cities and villages,' said territory could not become incorporated as a village, and the said petition to the county judge of Cook county, and judge of the county

court of said county, conferred no jurisdiction on him or on the county court of Cook county, and all proceedings had on said petition and by said judge or court are void and null, and all proceedings and elections had and officers created under the supposed organization of said so-called village of Harvey are illegal, and the persons holding such offices hold the same illegally, and have usurped the franchise thereof. All of which said plaintiffs are ready to verify, wherefore they pray judgment, as in and by their said information they have above prayed."

To this replication respondents filed a general demurrer, which was sustained and the information dismissed. From that judgment this appeal is prosecuted.

Mr. I. T. GREENACRE, and Mr. H. H. MARTIN, for the appellant.

Messrs. WILSON, MOORE & McILVAINE, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

The only question presented by this record is, did the township of Thornton, by its organization as one of the subdivisions of Cook county under township organization, and the additional powers conferred upon its board of auditors and commissioners of highways, become an "incorporated town, village or city," within the meaning of section 5, article 11, chapter 24, of the revised statutes. The language of so much of that section as is pertinent to this inquiry is as follows: "Whenever any area of contiguous territory, not exceeding two miles square, shall have resident thereon a population of at least three hundred inhabitants, and which territory is not included within the limits of any incorporated town, village or city, the same may become incorporated as a village, under this act in the manner following."

Counsel for appellant admit that the town or township of Thornton, as first organized, would be no obstruction, under said section 5, to the organization of the village of Harvey. Their proposition is, "that after the passage of the said act of March 26, 1869, the town of Thornton became 'an incorporated town, village or city,' within the meaning of section 5, article 11, of the general Cities act of 1872." No argument is adduced to show that said act had the effect to bring into existence a new or different corporation, but it is insisted that said township was, under the township organization of the county of Cook, an "incorporated town, in the literal and general and proper sense of those terms," and the grant to it and its officers of the additional powers by the act of 1869 brought it within the meaning of the language of said section 5. This contention is irreconcilable with the admission that a town created under township organization is not an incorporated town, village or city, within the meaning of that section. If a town so created is an "incorporated town," in the literal and general and proper sense of these terms, then it is impossible to see why it is not an incorporated town within the meaning of said section 5. The unsoundness of the argument lies in the assumption that a town under township organization is in the proper sense, an incorporated town. When Cook county adopted township organization, and the town of Thornton was organized, it became a "local subdivision of the State, created by the sovereign will, without the particular solicitation or consent or concurrent action of the people who inhabited it," and the law terms it a *quasi* corporation only. (1 Dillon on Mun. Corp. sec. 22, *et seq.; Town of Waltham* v. *Kemper*, 55 Ill. 346; *Martin* v. *The People, etc.* 87 id. 524; *Harris* v. *Schryock*, 82 id. 119; *Town, etc.* v. *The People ex rel.* 102 id. 654.) It is an involuntary organization for governmental purposes. An incorporated town, within the meaning of the statute regulating the organization of cities and villages, is "a village or a small collection of residences which has be-

come incorporated for the better regulation of their internal police," etc. (*Martin et al.* v. *The People ex rel. supra.*) All that was intended by the language, "and which territory is not included within the limits of any incorporated town, village or city," was, that a village should not be allowed, in its organization, to encroach upon the territory of another municipal corporation.

The contention that the additional powers conferred upon certain of its officers changed the character of the corporation is not tenable. That may have been a reason why the inhabitants of the territory organized into the village of Harvey should have voted against the organization, but the town was not changed into an incorporated town from a township. True, it was given certain powers which usually belong to incorporated towns, villages and cities; but many of the powers conferred upon such municipal corporations by our statute are not given to those officers. Suppose the legislature should confer power upon the board of auditors of the various townships of the State to pass ordinances prohibiting gaming within their limits or selling intoxicating liquors without a license, would it be contended that thereafter no village or city could be organized within those townships? If not, because only a limited police power would thus be given, what is the limit to which the legislature may confer such powers before the *quasi* corporation will become a municipal corporation proper?

We entertain no doubt as to the correctness of the judgment below. It will be affirmed.

*Judgment affirmed.*