## HENRIETTA E. HARPER

*v.*

## THE STATE OF ILLINOIS.

*Opinion filed November 16, 1904.*

1. RESPONDEAT SUPERIOR—*doctrine does not apply to counties, townships, etc.* The doctrine of respondeat superior is not applicable to municipal corporations, such as counties, townships, school districts, road districts, drainage districts, etc.

2. SAME—*doctrine does not apply to State.* The doctrine of respondeat superior does not apply to the State.

During the month of August, 1902, the claimant, Henrietta E. Harper, a woman of mature years, in company with other members of her family, while visiting Lincoln Park, in the city of Chicago, for her own amusement and that of her companions, indulged in feeding the zebras kept there on exhibition. These zebras were confined in an enclosure about seventy-five (75) feet square, made by a wire fence about four (4) feet high, outside of which fence and on the side accessible to visitors, was another wire fence between seven and eight feet high; the outside fence being a few feet from the inner fence. The claimant thrust her hands through the meshes of the outside fence, and while with her hand in this position, was throwing bread over the inner fence to the zebras, one of which rushed up to the inner fence and reaching over it, seized her thumb with its teeth, thereby inflicting a severe and permanent injury upon her. To recover compensation for said injury, this claim is filed against the State.

It is contended by claimant that the said Board of Park Commissioners, through its employes, was guilty of negligence in not providing suitable signs and notices, warning people of the vicious tendencies of the zebras in question, and that as said Board and its employes were officers and agents of the State, the State is therefore liable for said injuries.

The general rule of law is that the principle is lia-

ble for the negligent acts of its servants, in the course or scope of their employment, upon the application of the principle of *respondeat superior*; yet a distinction exists as to municipal corporations, such as counties, townships, school districts, road districts, drainage districts, and public park districts.

To these our courts have uniformly held, that the principle of *respondeat superior* does not apply.

> Dillon on Mun. Cor., Secs. 975-978;
>
> *Waltham* v. *Kemper,* 55 Ill., 346;
>
> *Hedges* v. *County of Madison,* 1 Gil., 567;
>
> *Elsmore* v. *Drainage Comrs.,* 135 Ill., 269.

The State, however, is a sovereignty, and the exception which applies to the above mentioned corporations, with much greater force and uniformity applies to the State, as it is invariably held that the State is not responsible for the misfeasance, wrongs, or negligence, or omissions of duty of subordinate officers or agents, for it does not undertake to guarantee to any persons the fidelity of any of the officers or agents whom it employs. That would involve it in all its operations in embarrassments and difficulties and losses, which would be subversive of the public interest. Laches is never imputed to the government.

> Story on Agency, Sec. 318.
>
> Dill on Mun. Corp., Sec. 975.

In the case of Jacob Schmidt v. State, decided by the Commissions of Claims in this State in 1890, and in other cases since decided, it has been uniformly held, that the doctrine of *respondeat superior* does not apply to the State, and the following cases are cited in support of this position.

> *Murdock Parlor Grate Co.* v. *Com.,* 24 N. E., 855.
>
> *Hill* v. *Boston,* 122 Mass., 344.
>
> *Gibbons* v. *U. S.,* 8 Wall, 269.
>
> 2 Dillon Mun. Cor., Sec. 761-2.
>
> *Hedges* v. *County of Madison,* 1 Gil., 567.
>
> *Town of Waltham* v. *Kemper,* 55 Ill., 346.

This claim is therefore rejected.

JAMES M. LEE,

LUTHER M. DEARBORN,

The case having been submitted and oral argument heard before his appointment, Judge Searle took no part in the decision. Nov. 16, 1904.

LUTHER M. DEARBORN,

*Presiding Judge.*