Eli Brandt et al., Appellants, v. The West Chicago Park Commissioners, Appellee.

### Gen. No. 15,547.

1. EMINENT DOMAIN—*liability of park commissioners.* While park commissioners may not be liable for damages in cases where the doctrine of *respondeat superior* must be invoked, they are liable and may be sued for the value of property appropriated by them to their use, and for the damage done to property abutting boulevards, avenues and streets, where such taking or damage is rendered necessary by improvements in the boulevard, avenue or street, properly made by the

park commissioners in pursuance of the corporate powers and functions with which they are vested.

2. PLEADING—*when irregularity waived.* A defect in pleading not raised in the trial court cannot be availed of on review.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed May 31, 1911.

R. S. THOMPSON and F. M. LOWE, for appellants.

B. F. RICHOLSON and N. B. BERG, for appellees.

MR. JUSTICE CLARK delivered the opinion of the court.

In this case there is brought up for review the action of the Circuit Court in sustaining a general demurrer to a declaration in a suit brought by the appellants against the appellee. The declaration alleges that the appellee is a municipal corporation, created under the constitution and laws of the State of Illinois, and vested with exclusive ownership, title, control and jurisdiction of Central Park boulevard, a public thoroughfare in the city of Chicago, and with the intersection of said Central Park boulevard with West Chicago avenue, also a public thoroughfare in Chicago; that the appellants are the owners of the property situated at the northwest corner of this boulevard and avenue, the property being rectangular in shape and having a frontage on the boulevard of 125 feet, and on the avenue of 148.9 feet; that prior to the commission of the act complained of the boulevard and avenue were so graded and improved that they were level with the ground of appellants' property, so that there were free, easy, natural and unobstructed access and egress to and from the thoroughfares and said property; that on November 1, 1896, the appellee erected upon the boulevard an embankment of earth, sand, stone, iron and other materials, in the form of a viaduct, having a width of about one hundred feet and a height of four feet above the last former grade of said thoroughfare at a point opposite the north line of appellants' property and thence gradually rising in height on an even

gradient to a height of about eight feet above the last former grade of the thoroughfare opposite the south line of the appellants' property; that it lowered the grade on the avenue opposite the west line of the appellants' property two feet, the new grade descending so that at a point opposite the east line of the property the grade became about four feet lower than the former grade at that point; that by such action of the appellee the free, easy, natural and unobstructed access and egress of said property to and from the boulevard and avenue were injured and destroyed, and the property injured in its market value and rendered undesirable and the market value thereof destroyed, to the great injury of the appellants.

The contention of the appellee is that it is a public, involuntary, quasi-municipal corporation, as distinguished from such municipal corporations as cities, towns and villages, which are incorporated by special charters or under the general laws; that because it is so organized it is not liable in damages for the acts complained of in the declaration.

On the other hand, the appellants insist that the appellee is a municipal corporation, with power to make the improvement mentioned in the declaration, that it was acting within the scope of its corporate authority when it caused the damage complained of, and that it became liable to them for such damage under the constitution and laws of the state.

In the 4th edition of Dillon on Municipal Corporations, section 21, it is stated that there is nothing in the law more complex and abstruse than the question as to what constitutes an American municipal corporation, and nothing more difficult than the conveyence of an adequate idea of the exact nature and properties of a municipal corporation.

Many cases are cited by appellee from the courts of other states and some cases decided by the Supreme Court of Illinois, which it is claimed support its contention that it is an agency of the state, by which in part the people of the state carry on the government; that the commissioners are public officers, and that a suit against it in tort or otherwise is practically a suit against the state, and therefore not maintainable. In West Chicago Park Commissioners v. Sweet,

167 Ill. 326, Mr. Justice Cartwright, speaking for the court, says:

"By the act in force February 27, 1869, the West Chicago Park Commissioners were constituted a board of public park commissioners for the town of West Chicago, and were given full and exclusive power to govern, manage and direct all parks, boulevards and ways authorized by the act, and to levy special assessments on all property by them deemed benefited by the purchase, opening and improvement of such parks, boulevards and ways as limited by the act. This act was adopted by a vote of the people of the town. By the act of 1871 the commissioners appointed under said former act, which had been submitted to the legal voters of the town and adopted, were declared to be corporate authorities of the town for the purposes named in the act. Under this and other legislation appellants compose a municipal corporation, with all the corporate powers and functions in respect to the parks and streets of the city under its control that are conferred by law upon the city of Chicago. West Chicago Park Commissioners v. City of Chicago, 152 Ill. 392."

The act creating the West Park Board was passed prior to the adoption of the constitution of 1870, and the appellants base their right to recover upon section 13, article 2, Bill of Rights,—"Private property shall not be taken or damaged for public use without just compensation. Such compensation when not made by the state shall be ascertained by a jury as shall be prescribed by law." It is insisted that the word "damaged" was added to the section quoted for the express purpose of making actionable such injuries as those complained of in the case before us, and the right of the appellant to recover is claimed as a constitutional right.

In Wilcox v. The People, 90 Ill. 186, it is said:

"But this court has decided it to be competent for the legislature to pass amendatory acts affecting these parks, although not submitted to a vote of the people. People v. Brislin, 80

Ill. 423; Andrews v. People, 83 id. 529; *and surely a constitution may do as much."*

The italics are ours.

Undoubtedly the appellee is a municipal corporation of such limited powers and created in such a way as to render it immune from liability for damages resulting from the negligence of its officers. (Backer v. West Chicago Park Commissioners, 66 Ill. App. 507.) In ordinary cases where negligence is charged, the constitutional guaranty against the taking of private property for public use without compensation is not available to the party injured.

In the case before us, however, there is no charge of negligence of the kind to which our attention is called in cases cited by appellee. The charge is that a change was made in the boulevard and avenue upon which appellants' property abutted; that such change was made, not in a negligent way, but in such a manner that the necessary consequence was to lessen, if not to destroy, the value of the property; that under the constitution of the state the appellants thereupon became entitled to damages; that this right of the appellants is as specifically guaranteed to them as would have been their right to compensation if the property had itself been appropriated by the appellee for its use, by means of condemnation proceedings.

Instead of the act of the commissioners being one of negligence, it was an act made necessary by the nature of one of the duties which they are called upon to perform, namely, to make proper improvement of the boulevard and avenue which are included in the property over which the board has control. It was in perfect consonance with the spirit and purposes of the law by which appellee was established.

The Eminent Domain Law passed in 1872 provided means by which these damages could be ascertained. The constitutional provision heretofore referred to is made the first section of the act. In City of Elgin v. Eaton, 83 Ill. 535, it is said:

"It is first urged, that a municipal corporation is not liable for damages growing out of grading their streets. This was, no doubt, true, before the adoption of our present constitution. Article 2, Sec. 13, declares that 'private property shall not be taken or damaged for public use without just compensation.' Now, this was private property, and the improvement was being made for public use, and if the property was damaged thereby, appellee is entitled to just compensation for such damage. If injury was sustained, it was for public use. See City of Pekin v. Brereton, 67 Ill. 477, and City of Shawneetown v. Mason, 82 Ill. 337. These cases fully establish the rule that if a person is damaged in making such improvement, he may recover.

"In this case the city entered upon the improvement of the street after the adoption of our present constitution, and before the passage of the Eminent Domain Law. The rights of the parties were then fixed, and cannot be altered by subsequent legislation, and the right to recover damages was given by the constitution; and inasmuch as the city failed to have them assessed as they might have been under the Eminent Domain Law, then in force, the action will lie for their recovery. See The People v. McRoberts, 62 Ill. 38. Failing to provide compensation for the damages, the city became liable to an action. Clayburgh v. City of Chicago, 25 Ill. 440. The failure to have the damages ascertained, if there were any, and provide the means to pay the same, was an omission of duty which rendered the body liable to an action."

The act creating the corporation known as the West Chicago Park Commissioners, gave it the power to condemn lands for park or boulevard purposes. May it indirectly destroy the use of adjoining property and render it valueless, neglect to condemn it in the manner provided by statute, and then shelter itself under the contention that it is only an arm of the state, and that therefore the state only may be looked to by the injured property owner for the damage he has suffered? We think not.

As stated by Mr. Justice Walker in the case last referred to, the failure to have the damages ascertained, if there were

any, and provide the means to pay the same, was an omission of duty which rendered the body liable to an action.

If, as stated by Mr. Justice Cartwright in the case of West Chicago Park Commissioners v. Sweet, *supra,* appellee is a municipal corporation with all the corporate powers and functions in respect to the parks and streets in the city under its control that are conferred by law upon the City of Chicago and if the corporate powers and functions in respect to the parks and streets carry with them the obligation created by the constitution when applied to the City of Chicago in its relation to the owners of property abutting streets upon which changes have been made, then there can be no question as to the liability of appellee, provided the allegations of the declaration are sustained by the proof at the trial.

It was held in City of Chicago v. Jackson, 196 Ill. 496, that under the provisions of our present constitution a city is liable for any injury and damage occasioned to the property of the citizen by changes in the grade of the street on which such property abuts, whether such change is made by the city directly or by some corporation in obedience to a track elevation ordinance.

It is equally liable for the damage, if any, to abutting owners, occasioned by the placing of a viaduct upon the street.

Our conclusion is that while the appellee may be not liable for damages in cases where the doctrine of *respondeat superior* must be invoked, it is liable and may be sued for the value of property appropriated by it to its use, and for the damage done to property abutting boulevards, avenues and streets, where such taking or damage is rendered necessary by improvements in the boulevard, avenue or street, properly made by the appellee in pursuance of the corporate powers and functions with which it is vested.

It is contended by appellee that the demurrer was properly sustained, because the declaration does not allege that the grade of the boulevard and avenue had been established before the change of grade complained of took place. It will be noted that the declaration alleges that the damage complained

of was caused by the erection of a viaduct which cut off access to and egress from the property of the appellants, and it is asserted by the appellants that the point now made was not made in the court below. We think that the declaration was not obnoxious to a general demurrer on the ground now asserted.

Inasmuch as we hold that the appellee is liable to the appellants if the allegations of the declaration are proved upon the trial, it is unnecessary for us to consider the third point suggested by the appellee, that the court of claims is the proper tribunal with jurisdiction in the premises.

While the declaration might have been couched in different language, and such expressions as "the defendant wickedly and wrongfully contriving how it might injure and destroy the said free, easy, natural and unobstructed access and egress of said property," etc., left out, we think it does show in other ways the basic right of the appellants to recover, provided the proofs accord substantially with its allegations.

*Reversed and remanded.*