GEORGE HEDGES, plaintiff in error, *v.* THE COUNTY OF MAD-
ISON, defendant in error.

*Error to Madison.*

An action on the case will not lie against a county in favor of a person injured
by reason of a defective bridge. The duty of keeping the public roads and
bridges in repair, is performed through the instrumentality of agents appointed
by the county. If a private individual is injured by a failure of the agent to
perform the duty required by law, an action will lie against the agent.

ACTION ON THE CASE, brought by the plaintiff in error
against the defendant in error, in the Madison Circuit Court,
and heard before the Hon. Sidney Breese, at the August term
1840. There was a general demurrer to the declaration,
which was sustained by the Court, and judgment rendered
thereon against the plaintiff in error for the costs of suit.
The substance of the declaration is set out in the Opinion of
the Court.

*E. Keating,* for the plaintiff in error:

I. It is a general rule, that for every wrong or breach of
duty, an action will lie in some form for the party injured.
Minot's Dig. 15, and cases there cited; Constitution of Ills.
art. 8, § 12.

II. An action will lie against a corporation, for a refusal
of its officers to perform a duty required of them. *Hussey*
v. *Manufacturers' and Mechanics' Bank,* 10 Pick. 415;
*Sargent* v. *The Franklin Ins. Co.,* 8 do. 90; *Riddle* v. *The
Proprietors of Locks, &c.,* 7 Mass. 169.

III. It is the duty of counties to repair bridges, &c.
Gale's Stat. 595.

*J. Gillespie,* and *W. Martin,* for the defendant in error:

I. The plaintiff has no cause of action against the county.
The county being a corporation at common law, no suit
could be sustained for private damages.

1. Because it has no fund out of which to pay the damages,

and if it be collected from one of the corporators, he must bring a multiplicity of suits to reimburse himself, which the law abhors. *Bartlett* v. *Crozier*, 17 Johns. 453.

2. That the remedy is by indictment or information alone. Ibid. 452.

3. That to make a county liable to a private individual there must be a certain, absolute, statute duty. Ibid. 451; *Mower* v. *The Inhabitants of Leicester*, 9 Mass. 248.

II. That where, by statute, a county is liable to an individual, to entitle himself to recover, he must allege all the facts, upon which the statute grounds the action; on this principle alone the plaintiff here must fail.

1. Because there is no averment that by statute, a liability has incurred under the statute. *Bartlett* v. *Crozier*, 17 Johns. 456; *Williams* v. *Hingham*, &c. *Turnpike Co.*, 4 Pick. 345; *The People*, &c. v. *The Commissioners*, &c., 7 Wend. 477.

2. Or, that the county had the means with which to repair the damage.

III. The statute of 1835, not having imposed the duty of repairing the bridge on the county, it is not liable to an action. Laws of 1835, §§ 7, 30.

1. Because the Supervisor is by law to make the repairs;

2. That said Supervisor is liable to an indictment for refusing or neglecting to repair;

3. The county has no fund, nor can it have a fund out of which to repair the bridge until the Supervisor reports that the costs will be more than ten dollars, and that he has not the means.

4. Until said Supervisor reports, the county has nothing to do with repairing the road, &c.

The Opinion of the Court was delivered by

SHIELDS, J. This was a case brought in the Madison Circuit Court at its August term 1839, by George Hedges against the County of Madison.

The declaration was filed at said term, and the first count averred the following facts, to wit: that there was a certain

post road and public highway within said county, leading from Alton to Edwardsville, and that there was a bridge on said road over Cahokia creek, within the bounds of Greenfield road district; that said county was, on the 31st day of December, 1838, bound by law to keep in repair the highways and public roads within the limits of said county, and cause bridges to be made when the same may be necessary, and to keep said bridges in repair; that George Hedges was the owner of a certain horse worth seventy five dollars, and that on said 31st day of December, 1838, he was riding said horse moderately and carefully over said bridge, and by reason of the plank upon the same being without support, and put on loosely, and carelessly, and negligently, the horse fell through the bridge and was killed. The second count is the same in substance as the first, with the additional averment that the bridge was in fact apparently secure, but in fact unsafe. To this declaration there was a general demurrer, and the demurrer was sustained, and the cause continued until August, 1840, when the Court gave judgment on the demurrer against the plaintiff in error for costs, which judgment is now objected to, and brought before this Court for review.

The question, which is here presented for the first time, is one of consequence to the public. It is the duty of each county to keep the public roads and bridges in repair, and it is armed with what the law deems ample powers to effectuate this object through the instrumentality of its agents. If, by a failure to perform this duty, an injury accrues to a private individual, the question is, whether an action on the case will lie against the county for such neglect of duty. By "*An Act to incorporate counties*," approved January 3, 1827, counties are constituted a body corporate and politic, with power to make and enter into contracts, and capable of suing and being sued in relation to such contracts. The law then expressly provides that a county may be sued in its corporate name upon any of its contracts, and if a judgment be obtained, it also provides the manner in which the same is to be discharged. There is, however, no provision of law giving an action to recover damages in a case like the present. When

an individual charged with a duty fails to perform it, by which a third party suffers injury, such an action always lies. The same rule is applicable to private corporations, and the reason is, that private corporations are voluntary associations of individuals for their private benefit. But does the same rule apply to *quasi* corporations, when the association is not voluntary, but compulsory and not for the benefit of the individuals associated, but for the public generally? We are constrained to think it does not. The duties to be performed by a county are for the benefit of the public, and it becomes the duty of the public to enforce their performance, and to prescribe a punishment, or penalty for a neglect or failure to perform them. This the law has done,—not, indeed, by punishing the corporation which would be impracticable,—but by providing a mode of punishing the agents for failing to perform their public duties. Such has been the purport of the decision, in the case of *Russell et al.* v. *The Men dwelling in the county of Devon*, 2 Durnford & East, 311.

Kenyon, Chief Justice, in that case, says, in his opinion, that many of the principles urged could not be controverted, "as, that an action would lie by an individual for any injury which he has sustained against any other individual, who is bound to repair. But the question here is, whether this body of men who are sued in the present action, are a corporation, or *quasi* a corporation against whom such an action can be maintained. If it be reasonable that they should be by law liable to such action, recourse must be had to the legislature for that purpose." The present case is exactly analogous to the case decided by Lord Kenyon, and we may say with him, that if the county should be held liable, recourse must be had to the legislature for that purpose. The inconvenience of bringing a multiplicity of suits, which he also urges, would not be applicable in this State, but the principle is the same in both cases.

In the case of *Riddle* v. *Proprietors of the locks and canals on Merrimac river*, 7 Mass. 186, this question was ably discussed, and the same conclusion arrived at. Chief Justice Parsons, in delivering the Opinion of the Court, says,—"We

distinguish between proper aggregate corporations, and the inhabitants of any district who are, by statute, invested with particular powers without their consent. These are, in the books, sometimes called *quasi* corporations. Of this description are counties and hundreds in England, and counties, towns, &c., in this State. Although *quasi* corporations are liable to information or indictment for a neglect of a public duty imposed upon them by law, yet it is settled in the case of *Russell and others* v *The Inhabitants of the county of Devon*, that no private action can be maintained against them for a breach of their corporate duty, unless such action be given by statute."

In the case of *Bartlett* v. *Crozier*, 17 Johns. 446, the same question was discussed, and it was held, that no action was maintainable against an overseer of the highway at the suit of any private individual for not repairing a bridge. All these cases assume the ground that there is no corporate fund provided for this purpose; and the same is applicable in the present case, for although each county is enabled to provide a fund for public purposes, this fund cannot be diverted from their objects, and appropriated to private indemnification, without express provision of law for that purpose. In order to render a county liable in a case like the present, recourse must be had to the legislature.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*