JAMES BUSSELL, Administrator, *et al.*

*v.*

THE TOWN OF STEUBEN.

TOWNSHIPS—*of their liability to a private action for neglect of duty in keeping highways in repair.* Organized townships, established by law as civil divisions of counties merely, are not liable, in their corporate capacity, to a private action for damages occasioned by their neglect to keep their public highways in repair.

WRIT OF ERROR to the Circuit Court of Marshall county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

This was an action on the case, brought by the plaintiffs against the township of Steuben, in Marshall county, to recover for the death of Charles Doran, occasioned, as alleged, by the neglect of the defendant to keep a certain bridge in repair.

Judgment was rendered for the defendant, and the plaintiffs bring the record to this court

Messrs. BANGS & SHAW, and Messrs. FORT, BOAL & LAWS, for the plaintiffs in error.

Messrs. BURNS & BARNES, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, to recover damages for a death occasioned by a defective bridge, and a verdict and judgment for the defendant.

We can not distinguish this case, in principle, from the case of *The Town of Waltham* v. *Kemper*, 55 Ill. 346, and we do not desire to add anything to what was said in the opinion in that case.   In the case cited, it was held, that an organized township was not liable in its corporate capacity for such injuries.*

---

*It was decided in the case of *White, Admr.,* v. *The County of Bond,* January Term, 1871, that a county was not liable, in its corporate capacity, to a private action for injury resulting from a defective highway.

We see nothing in this case to distinguish it from that, and accordingly the judgment must be affirmed.

*Judgment affirmed.*