MARY ANN WHITE *et al.,* Administrators, etc.,

*v.*

THE COUNTY OF BOND.

COUNTIES—*of their liability to a private action for neglect of duty in keeping highways in repair.* A county is not liable, in its corporate capacity, to a private action for injury resulting from a defective highway.

APPEAL from the Circuit Court of Bond county.

Mr. DAVID GILLESPIE, for the appellants.

Messrs. HAY, GREENE & LITTLER, and Mr. JOHN M. PALMER, Jr., for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case in the Bond Circuit Court, by the administrators of Stephen D. White, deceased, against the county of Bond, for wrongful neglect in keeping a bridge over the east fork of Shoal Creek in good repair, by means of which the deceased lost his life.

To the declaration there was a general demurrer by the defendant, which the court sustained, and rendered judgment against the plaintiffs for costs, to be paid in due course of administration.

To reverse this judgment, the plaintiffs appeal.

This case must be governed by the *Town of Waltham* v. *Kemper*, 55 Ill. 346, and *Bussell, Administrator* v. *The Town of Steuben*, 57 Ill. 35, decided on the authority of *Hedges* v. *County of Madison*, 1 Gilm. 567, and other cases there cited, and overruling the case of *South Ottawa* v. *Foster*, 20 Ill. 296.

In the case first cited, it was held that such corporations as counties and towns were not liable to a private action, at the suit of a party injured by a neglect of its officers to perform a corporate duty, unless such action was given by statute for the violation. The distinction was recognized between those corporations created for their own benefit, and the incorporated inhabitants of a district, by statute invested with particular powers without their consent.

In regard to municipal corporations, acting under special charters, the privileges conferred are held to be a consideration for the duties which the charter imposes, and for the performance of which, like individuals, they must be responsible in an action. Neither counties nor towns become such at the special request of the people. Not so with those municipal corporations organized under special charters, or by the

general law.   Such organizations are the result of the action of
the people, impelled thereto by considerations affecting, more
or less, their private interests.   They are solicited, while the
former are imposed without the consent of the people.

In addition to what was said in *The Town of Waltham* v.
*Kemper, supra,* considerations suggested by the counsel for
appellee here, might have been urged with great propriety.
He urges the comparatively small territorial limits of an
incorporated city or town, rendering frequent meetings of muni-
cipal delegates easy—the permanency of their executive officers,
who are capable of receiving all notices and acting promptly
on all contingencies, and to keep themselves fully advised as to
the condition of all public streets or highways within their
jurisdiction, all which enable such corporate authorities to
perform duties which would be very difficult, if not impossible,
to *quasi* corporations, such as towns and counties, whose meet-
ings are "few and far between," and who have no regular force
in constant attendance, to discharge all necessary duties and
receive all notices.   With such, there is no representative
body, capable of acting at all times, nor is there any officer or
other person under the control of the county authorities, whose
duty it is to give them notice of defects in highways and
bridges.

We think these are important considerations, and add force
to the reasons usually given, why such corporations should not
be liable to a private action for neglect of duty.

This case is identical in principle with *Hedges* v. *The County
of Madison, supra,* and with the other cases cited, and in con-
formity therewith, this judgment must be affirmed.

                                    *Judgment affirmed.*