CHARLES HATFIELD

v.

THE STATE OF ILLINOIS.

*Opinion filed May 1, 1901.*

1. RESPONDEAT SUPERIOR—*State not legally liable for negligence of officers.* The State can not be held legally liable for either the neglect of duty or the negligent performance of duty by the officers of a troop or regiment while on their annual encampment.

2. STATE LIABILITY—*founded upon its own consent.* The liability of the State for any claim, must be founded on its own consent expressed through some act of the Legislature.

The claim in this case was filed with the Auditor on the 20th day of December, A. D. 1899, to the August term of the Commission of Claims.

The general issue was interposed by the Attorney General. The case was heard at the August session, and an opinion filed on the 18th day of December, 1900, finding for the claimant and awarding damages in the sum of one thousand dollars.

On the 23d of February, 1901, the Attorney General filed a motion for a rehearing of said cause, assigning the following reasons for same:

"First: The finding in said cause is contrary to the evidence and the facts therein.

Second: The finding is contrary to the law applicable to said case.

Third: As to matter of law, the said Commission of Claims under the facts in the case, had no jurisdiction to award any amount whatever.

Fourth: Admitting the facts to be as urged in said statement of claim as is stated in the finding of this Honorable Commission, still the facts do not furnish any foundation on which to base a liability of the State to the claimant in the amount awarded, nor in any other amount whatever."

On the hearing of this cause at the August session no evidence was presented or brief filed on behalf of the State. The case being determined entirely upon the evidence and brief of the claimant, a rehearing was considered proper, and granted.

The question now is do the facts presented by claimant's evidence establish a legal liability on the part of the State of Illinois to respond in damages for the injuries received by the claimant.

From the evidence taken it appears that Charles Hatfield, the claimant in this case, enlisted as a member of troop "B," First Cavalry, Illinois National Guard, in March, 1898. That in August, 1899, the National Guard was holding its annual encampment at Camp Lincoln, near Springfield. That on the 31st day of August, 1899, the claimant as a member of his troop was participating in a cavalry charge, which had been properly ordered by the officer in command, and his horse fell. The horse rolled over claimant, and broke his arm and collar bone. The injuries received were serious and painful, requiring the attention of a physician for two months regularly, and for sixty days longer occasionally. We are satisfied that the defendant received an injury while in the line of his duty as a member of his troop, obeying the orders of his officers, which resulted in his losing about six months time, and that he expended about $100 in employing physicians to attend him. We are also satisfied that the facts of the case are sufficient to warrant the legislature in making an appropriation under the head of relief, to compensate claimant for loss of

time, expenses incurred, etc., but do the facts constitute a claim or cause of action, against the State, which would justify this Commission in making an award in favor of claimant?

A slight effort is made on the part of the attorneys for the claimant to show negligence on the part of some one of the officers of the troop or regiment, but who was negligent, or in what manner negligent does not appear. The evidence upon the question of negligence is not sufficient to make out a case in favor of the claimant, if the case had been brought in a court of law against a private individual for an injury received under similar circumstances.

But even if negligence had been proven, in view of the uniform holding of our Supreme Court, and also the ruling of this Commission in a number of cases, the State could not be held legally liable for either the neglect of duty or the negligent performance of duty by the officers of said troop or regiment on the occasion of the claimant's receiving the injury in question.

> Story on Agency, Sec. 319;
> Dillon on Municipal Corporations, Sec. 975-978;
> State Bank, admr. v. The State, decided by the Commission at its August session in 1897;
> Jacob Schmidt v. The State, decided by the Commission at its August session, 1890.

Carrying out the above doctrine that the State is not liable for the negligence of its officers or servants, the Supreme Court has also held that counties, towns, road districts, and drainage districts are not responsible for injuries resulting from the negligent performance, or non performance of the duties of its officers or servants.

> *Town of Waltham* v. *Kemper,* 55 Ill., 346;
> *Bussell, Admr. etc.* v. *Town of Steuben,* 57 Ill., 35;
> *Hollenbeck* v. *Winnebago Co.,* 95 Ill., 148;
> *Elmore* v. *Drainage Comrs.,* 135 Ill., 269.

In the above case of Hollenbeck, Admr. v. Winnebago Co., 95 Ill., 148, the court says: "In fact the powers and duties of counties bear such a due analogy to the governmental functions of the State at large that as well might the State be held responsible for the negligent acts of its officers as counties. They stand in many respects upon the same footing. The one as well as the other is organized for political purposes."

It is also contended that as the National Government makes just and liberal compensation for all injuries received by a soldier in the United States army, while in the line of his duty, the State of Illinois should be held equally liable to a member of the National Guard, who is injured while in the line of his duty, performing service for the State. The liability of the National Government, however, is not by virtue of any common law right of the injured soldier, but in consequence of a United States statute making proper provision for soldiers injured while in the performance of their duties for the government. The State of Illinois however has no such statute, giving a member of the National Guard a legal claim or demand against the State for injuries received while in the line of duty in the State militia.

In the case of Murdock Parlor Grate Co. v. Com. (Mass.) 8 L. R. A., 399, the court holds that an action to recover damages for injuries resulting from the negligence of a servant of the Commonwealth in the performance of his duties, is not "a claim," within the meaning of the Massachusetts Act of 1887, chap, 246, which authorizes the maintenance of a suit against the commonwealth to recover "all claims," against the State, whether at law or equity.

Also in the case of West & A. R. Co. v. The State, (Ga.) 14 L. R. A., 438, the Court decided that under an act submitting to a commission or court the "legal rights" of the parties, claims alleged to rest upon "equity and good conscience," but not shown to be recognized by any established doctrine of equity jurisprudence cannot be considered.

The liability of any State for any claim, must be founded on its own consent expressed through some act of the Legislature.

It is the opinion of this Commission that there is clearly no common law or statutory liability in this case against the State of Illinois.

But in view of the fact that the Legislature from time to time by special acts has made appropriations for injuries received under similar circumstances, we do not feel disposed to disturb the finding of the Commission in this case.

The following cited cases are some of those in which appropriations have been made:

Frederick Wagner—Appropriation made in 1873 and 1875 for injuries received by premature discharge of a gun in the hands of another member of his company.

William G. Hill—Appropriation of $2,500, in 1885,. for injuries received by premature discharge of a cannon which belonged to the State  at a soldiers reunion at Belleville, Ill.

George McKee—Appropriation of $2,500 in 1885 for injuries received while in the line of his duty firing a salute on the occasion of the death of James A. Garfield, late president of the United States.

W. J. Ralph—Appropriation of $1,500 in 1885 for injuries received in the line of duty participating in the sham battle at Bloomington, Ill.

Mrs. R. A. Purdy—Appropriation of $2,500 in 1887, whose husband, R. A. Purdy, a private in Co. I. 4th Reg. Ill. Nat. Guards, was injured in a sham battle at Buffalo Rock, near Ottawa, Ill.

John A. Lyle—Appropriation of $3,000 in 1887, who was injured by premature discharge of a cannon belonging to the State, and furnished by proper requisition at a soldiers' reunion held at Sterling, Ill.

Peter McGee—Appropriation of $1,500 in 1887 who was injured by premature discharge of a cannon belonging to the State at a reunion of the Army of the Tennessee.

Jacob Schmidt—Appropriation of $2,500 in 1891, who was injured by an attack made upon him by an unruly convict confined in the Southern Illinois Penitentiary while said Schmidt was in the line of his duty as an officer of said institution.

Samuel Warren—Appropriation of $3,000 in 1895.

J. A. Cowley—Appropriation $2,500 in 1895.

Valentine Fitzpatrick—Appropriation of $1,500 in 1897, for injuries received while in the line of his duty as a member of the Illinois National Guards.

James F. Green—Appropriation of $1,200 in 1899, for injuries received by the explosion of a gun while in the line of his duty as a member of the National Guards.

Ada J. Hunt—Appropriation of $2,000 in 1899, for the death of her son caused by exposure while in the line of his duty as a member of Company M, Ill. National Guards.