## FRANK G. BELT

### *v.*

### THE STATE OF ILLINOIS.

*Opinion filed November 25, 1902.*

RESPONDEAT SUPERIOR—*State not liable for negligence of its agents.* The State is not liable for injuries caused by the default or neglect of its agents or employes.

This claim was brought to recover the value of a peach orchard that was killed or injured as a result of "spraying," done under the direction of the State Entomologist, presumably acting in pursuance of an act of the General Assembly, in force April 11, 1899, entitled, "An Act to prevent the spread in Illinois of the San Jose scale."

We do not deem it necessary in determining liability in this case to decide whether or not the treatment of the trees by spraying, as given under the direction of the State Entomologist was a proper treatment, though we are inclined to believe it was done by the method then recognized and approved by the authorities and experts on horticulture and had been followed successfully by the State Entomologist in many other cases.

However this may be, in our view of the law applicable to the facts, claimant cannot recover. Though doubtless true, as counsel for claimant says in his written argument, that "no rule of law is better established than that the principal is liable for the acts of his agent when done in the course of business," it is equally well recognized that this principle of liability (the doctrine of *respondeat superior*) is not applicable as against the State. That the State is not liable for injuries caused by the default or neglect of its agents or employes.

Such has been repeatedly the ruling of this Commis-

sion, following the decisions of the Supreme Court in the following and other cases:

> *Hedges* v. *County of Madison,* I Gilman, 567;
> *Town of Waltham* v. *Kemper,* 55 Ill., 346;
> *Bussell, Admr.* v. *Town of Steuben,* 57 Ill., 35;
> *Hollenbeck* v. *Winnebago Co.,* 95 Ill., 148;
> *Elmore* v. *Drainage Commrs.,* 135 Ill., 269;
> *Cooney* v. *Hartland,* 95 Ill., 516.

It is further contended by counsel for the claimant that he was not notified by the State Entomologist to treat his trees—nor did he refuse to treat his trees—and that without such refusal by the claimant the Entomologist had no right to treat the infested trees; and it is further contended that the act under which the Entomologist was presumably acting was unconstitutional—and that the Entomologist was therefore acting without authority of law.

Without passing on these contentions, the Commission suggest that if they were all true, the only effect would be that the remedy does not exist against the State— the liability, if any exists, would be on the part of the person acting under an unconstitutional act—or attempting to execute an act without following its provisions.

Under the law as we find it, following the rulings of the Supreme Court and the precedents of this Commission, the claim is rejected; without prejudice, however, to other relief, and it is expressly ordered that the claimant shall not be concluded hereby, attention however being called to the evidence presented, as to the excessive claim for damage ($3,134.00) in the statement of claim.

According to the testimony of the claimant, his orchard was set out in 1898, in peach trees *costing about twenty cents* each. For his 504 peach trees killed or injured he fixes his loss at $3,134.00, an average of over $6 for each tree.

By his own testimony, the cost of cultivating the orchard for the two seasons before it was destroyed was $350;

this amount is not, however, substantiated by the items of expense for cultivation as given by the claimant himself.

E. C. Green, assistant State Entomologist, shown to be an authority on this subject, says the value of the trees at the time of the spraying was not over 50 cents each, making the total value $252.00, which is doubtless a fair estimate of the loss suffered by the claimant.