## WILLIAM T. WALLACE

### *v.*

## THE STATE OF ILLINOIS.

*Opinion filed November 25, 1902.*

RESPONDEAT SUPERIOR—*State is not liable for the default of its agents or employes.* Where State Entomologist sprays fruit trees of claimant and as result the orchard is destroyed, claimant is not entitled to award.

In this claim recovery is sought for the value of an orchard alleged to have been destroyed as a result of "spraying" done under the authority of the State Entomologist.

The law under which the entomologist was presumably acting was enacted "to prevent the spread in Illinois of the San Jose scale." (In force April 11, 1899.) The claimant's attorney contends that "claimant never refused to treat the infested trees; and until such refusal by the claimant, the State Entomologist or his assistant had no right to treat the trees and spray them as was done" and that under the provisions of the law "claimant was entitled to written notice giving him a specified time to treat the trees." And further contends that the act is unconstitutional, as authorizing the destruction of property without due process of law.

As to the first of these contentions, that the provisions of the law, as to notice, were not followed, it would seem that the formality of notice might be considered waived from the fact that claimant wrote to the State Entomolo-

gist requesting that his trees be treated—see claimant's letter dated November 24, 1900, marked "Exhibit A."

The law has been repeatedly announced by the Supreme Court and uniformly followed by this Commission that the State is not liable for the default or neglect of its agents or employes—that the doctrine of *respondeat superior* is not applicable as against the State.

> *Hedges* v. *County of Madison,* 1 Gilman, 567;
> *Town of Waltham* v. *Kemper,* 55 Ill., 346;
> *White* v. *County of Bond,* 58 Ill., 297;
> *Symonds* v. *Clay County,* 71 Ill., 355;
> *Hollenbeck* v. *Winnebago County,* 95 Ill., 148;
> *Elmore* v. *Drainage Comrs.,* 135 Ill., 269.

Without going into the question of whether the "spraying" was properly done—though the testimony of the expert tends to show that the treatment was that recognized and followed by the authorities on this subject; without attempting to pass on the constitutionality of the law or even as to whether that would in any case be within the province of this Commission; in accordance with the above decisions, we hold that even if the provisions of the law were not followed the State is not liable for the acts of its agents in improperly carrying out the provisions of the law—nor would the State be liable for damage done by persons presumably acting under the law—even if it were admitted to be unconstitutional—which we are not called upon to decide, though ample authority is cited in the brief of the Attorney General to sustain the constitutionality of the law, if that were essential or material to a finding in this case. We rest our decision, however, on the rule that the State cannot be held liable for the acts of its agents, even if negligence were shown—and on this ground *the claim is rejected.*

While the Commission, under this construction of the law feel constrained to hold that the damage to claimant's orchard is a loss or misfortune for which the State is not legally liable, the claim is rejected without prejudice and it is expressly ordered that the claimant shall

not be concluded hereby; calling attention, however, to the evidence as to the extent of claimant's loss. In the statement of claim, verified by affidavit, claimant fixes his loss for 1,300 trees at $6,415.00, or about $5 per tree.

In his cross examination the claimant states that his land (20 acres), with the trees, was worth $100 per acre; after the trees were destroyed that it was worth $55 per acre—a difference of $45 per acre, or $900 for the entire orchard. Mr. E. C. Green, assistant State Entomologist, who examined the orchard and discovered its infestation by the San Jose scale and directed the "spraying," states that about one hundred of the trees were so badly infested as to be worthless and were cut down; that about one-half the remainder (600) were worth 75 cents each and the balance (600) about 25 cents each—making a loss of $600 according to this estimate, or $900 based on claimant's valuation of his land. Whichever amount be correct, between these amounts ($600 and $900), it would seem, the claimant's loss might be fairly estimated.