## The Town of Anchor, Appellant, v. Daniel B. Stewart, Appellee.

1. ROADS AND BRIDGES—*prosecution for removal of sidewalk.* A judgment for the defendant in a prosecution for a penalty imposed by statute for "purposely" destroying a sidewalk is proper where the jury are justified in concluding that the defendant in moving the sidewalk in question acted in good faith.

2. ROADS AND BRIDGES—*propriety of judgment for costs against town.* In an action to recover a penalty prescribed by the Roads and Bridges Act a judgment for costs against the town is appropriate in the event of a determination of the action against it.

Action commenced before justice of the peace. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

BRACKEN, YOUNG & PEIRCE, for appellant.

BARRY & MORRISSEY, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This suit was commenced in the name of the town of Anchor, by the highway commissioners of said township, to recover from the defendant a fine or penalty and damages for an alleged violation of paragraph 73, chapter 121, of the Revised Statutes, entitled "Roads and Bridges" (R. S. 1909, p. 1927), which reads as follows: "If any person shall purposely destroy or injure any sidewalk  *   *   *  he shall forfeit a sum not less than three nor more than one hundred dollars, and shall be liable for all damages occasioned thereby and all necessary costs for rebuilding or repairing the same." The cause was tried by a jury in the Circuit Court, upon an appeal from a justice of the peace, and a verdict of not guilty was returned. Judgment was thereupon entered that "the town of Anchor take nothing by said action and defendant go hence without day and have and recover from the

plaintiff, the town of Anchor, his costs and charges in this behalf expended.'' The plaintiff brings the case to this court by appeal.

The evidence shows the following facts: In the year 1880, the defendant laid out on land owned by him, what was known as the original town or village of Anchor, which was never incorporated. On the east side of said village as platted, there was a public highway 60 feet wide. By his plat the defendant left a strip 20 feet wide between said highway and block 3 of said village, which strip, together with the abutting public highway, had been used by the public for over twenty years. The defendant owned some store buildings at the north end of said block 3, along the front of which he built and thereafter maintained a board platform or sidewalk. A short time prior to the commencement of this suit, a portion of such sidewalk became out of repair and was in an unsafe and dangerous condition. He was notified by the commissioners of highways that he would be responsible if any one was injured by reason thereof. While the evidence upon this question was conflicting, the jury was warranted in finding that the commissioners directed him to remove the entire walk. He removed a section of the same, and later upon being requested by one of the commissioners to replace it, refused to do so. The commissioners thereupon rebuilt the walk at a cost of $16.27, which was paid by the township.

It is not disputed that the defendant originally built the walk at his own expense. He was not required by law to replace or repair it. It was in an unsafe and dangerous condition. If any one had been injured by reason thereof the defendant and not the township would have been liable for the resultant damages. Town v. Kemper, 55 Ill. 346; Bussell v. Town, 57 Ill. 35. The jury was justified in finding that he believed in good faith that he was authorized to remove the sidewalk. We are of opinion that the statute relied upon is inapplicable in the present case. The verdict

rendered was therefore in accordance with law and justice and we are not disposed to disturb the same.

It is insisted that the court erred in rendering a judgment against the town for costs. Paragraph 50 of Chapter 139 of the statutes entitled Township Organization (R. S. 1909, p. 2235) provides that "In all suits or proceedings prosecuted by or against town officers in their name of office, costs shall be recovered as in like cases between individuals. Judgment recovered against the town or against town officers, and actions prosecuted by or against them in their name of office, shall be a town charge, and when collected shall be paid to the person or persons to whom the same shall have been adjudged." Paragraph 74 of chapter 151 of the statutes entitled "Roads and Bridges" (R. S. 1909, p. 1927) provides that actions of the present character shall be brought in the name of the town and before any justice of the peace or police magistrate within the town, and that such officer shall have the same jurisdiction as in other cases; it also provides that any person other than the commissioners of highways may bring the suit in the name of the town, but that in such case the person bringing the suit shall give a bond for costs as is provided for in case of nonresidents. We think the foregoing provisions of the statute clearly show that it was proper to render judgment for costs against the town. The judgment of the Circuit Court is affirmed.

*Affirmed.*