# Henry Jennings, Appellant, v. County of Peoria, Appellee.

## Gen. No. 6,096.

1. COUNTIES, § 67*—*when action not maintainable for negligence of servants.* A private action will not lie against a county for injuries occasioned by the negligence of its servants or officers in the performance or nonperformance of their duties, or in the performance of their duties in a negligent manner in the absence of express statutory authority.

2. MUNICIPAL CORPORATIONS, § 948*—*when not liable for negligence of servants.* The same principle applies as to the nonliability of a municipal corporation for the negligence of its servants or officers in the performance or nonperformance of their duties, or in the performance of their duties in a negligent manner, as applies in the case of counties when the municipality is performing those acts which it is empowered to do in its public capacity and in the discharge of duties imposed for the general welfare.

3. PLEADING, § 184*—*what the proper office of demurrer.* It is not the office of demurrer to allege facts, but it simply concerns such facts as are stated in the pleading demurred to.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. PLEADING, § 14*—*when demurrable as stating conclusion.* In an action against a county to recover for injuries caused by an automobile alleged to have belonged to the county and to have been negligently operated by one whom it had placed in custody and control of the machine, a declaration which nowhere states for what purpose defendant purchased and used the automobile, but simply alleges that it was not being operated by the defendant in the performance of any duty imposed upon it by law, is insufficient as stating a conclusion and not a fact.

5. PLEADING, § 146*—*when allegations of fact in demurrer disregarded.* Allegations of fact contained in a demurrer will be disregarded.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

WALTER H. KIRK, for appellant.

C. E. McNEMAR and CLARENCE D. MURPHY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

After dismissing the other defendants, Henry Jennings filed a second amended declaration, hereinafter called the declaration, against the County of Peoria. The county filed a general and special demurrer thereto, which was sustained. Jennings elected to abide by his said declaration and there was a judgment in bar against plaintiff, and he appeals.

The declaration alleged that the county possessed an automobile, which it placed in the custody and control of one Minor, and authorized him to procure for it at the county's expense all necessary gasoline and other supplies and accessories and to have all necessary repairs made from time to time and to engage the services of a competent person to operate said automobile for the county; that Minor received from the county (acting through its board of supervisors)

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the custody and operation of said automoible for the county and agreed with the county to purchase at the expense of the county all necessary gasoline and other accessories and to have all necessary repairs made thereon and to engage competent persons to operate it; that Minor engaged one Sterns to operate said automobile for the county; that on a date named the automobile had been repaired at a factory and was being driven by Sterns, under the direction of Minor, from the factory to the courthouse; that appellee was lawfully crossing a street in the City of Peoria with due care for his own safety, when he was struck and injured by said automobile. The first count charged the reckless and negligent running of the automobile; the second, that it was run at a high and dangerous rate of speed; the third, failure to give appellee warning of its approach; and the fourth, that it was run at a speed which violated the statute. Each count alleged that said automobile was not then being run or operated by the county in the performance of any duty imposed upon it by law.

It was well established at an early day that in this State a private action will not lie against a county for injuries occasioned by the negligence of its servants or officers in the performance or nonperformance of their duty, or in the performance of their duty in a negligent manner, unless expressly so provided by statute. This rule was illustrated by a review of many authorities in *Hollenbeck v. Winnebago County*, 95 Ill. 148, where the principle in question is very fully stated. The same principle had previously been stated in many cases, including *Hedges v. Madison County*, 6 Ill. (1 Gilm.) 567; *Town of Waltham v. Kemper*, 55 Ill. 346; *Bussell v. Town of Steuben*, 57 Ill. 35; *White v. Bond County*, 58 Ill. 297; and *Symonds v. Board Sup'rs, Clay County*, 71 Ill. 355.

The Constitution of 1870 made a county a municipal corporation, and some of the cases above cited were

decided since that Constitution took effect. The same principle applies to a municipal corporation when it is performing those acts which it is empowered to do in its public capacity, and in the discharge of duties imposed for the general welfare, such as the exercise of the police power, and the like. *Culver v. City of Streator*, 130 Ill. 238; *Elmore v. Drainage Com'rs*, 135 Ill. 269; *City of Chicago v. Williams*, 182 Ill. 135; *City of Chicago v. Selz, Schwab & Co.*, 202 Ill. 545; *Tollefson v. City of Ottawa*, 228 Ill. 134; *Evans v. City of Kankakee*, 231 Ill. 223; and *Minear v. State Board of Agriculture*, 259 Ill. 549. This subject is discussed in the article on "Counties" in the 31st paragraph thereof, in 7 R. C. L. 957. Appellant seeks to apply the principles laid down in *Gathman v. City of Chicago*, 236 Ill. 9; *Lehigh Valley Transportation Co. v. City of Chicago*, 237 Ill. 581; and *Johnston v. City of Chicago*, 258 Ill. 494, 4 N. C. C. A. 40. Those cases hold that municipalities incur no liability for the negligence of their officers or employees, where they are exercising governmental functions or judicial, discretionary or legislative authority, conferred by their charters, or discharging a duty imposed solely for the benefit of the public, but are liable where they are acting ministerially; and the three cases last cited are not out of harmony with the general rule above stated.

This demurrer referred to Minor as if he were the sheriff of Peoria county. A demurrer concerns such facts as are stated in the pleading demurred to. It is not the office of a demurrer to allege facts. *Wood v. Papendick*, 268 Ill. 383. The intimation that Minor was sheriff must therefore be disregarded though it may furnish an apt illustration. The declaration nowhere states for what purpose the county purchased and used this automobile. The allegation above stated, that it was not being operated by the defendant in the performance of any duty imposed upon it by law, is the statement of a conclusion and not of a fact. This

is not proper pleading. Appellant should have stated the purpose for which the automobile was obtained and used, and the court could then have determined whether it was for a purpose which would make the county liable for the negligence of the man operating it or for a purpose which would not render the county liable for the negligence of the officer or employee. Suppose, in fact, this machine was purchased for the purpose of aiding the sheriff in performing his police duties, to enable him to speedily overtake fugitives from justice, or to reach speedily a mob or disorderly assembly in some distant part of the county. We presume it would be conceded that in such case the county would not be liable for the act of the driver of the automobile, any more than the city was for the act of the policeman in *Culver v. City of Streator, supra.* The declaration states a case against Sterns. Perhaps it states a case against Minor. It fails to state facts bringing it within that class of cases where a county is liable for the negligence of its officers and servants. The judgment is therefore affirmed.

*Affirmed.*

MR. JUSTICE NIEHAUS took no part.