MARY BELL KRUEGER

*v.*

STATE OF ILLINOIS.

*Opinion filed September 20, 1920.*

RESPONDEAT SUPERIOR—*does not apply to the State.* Under the doctrine of *respondeat superior* no liability arises against the State for injuries sustained by its employees while in the discharge of their duty.

WORKMAN'S COMPENSATION ACT—*when not applicable to the State.* The State is not liable under the Workman's Compensation Act for the reason that the State was not engaged in the business or enterprise enumerated in Section 3, of that Act, to which the liability of the State as an employer is limited.

Edward J. Brundage, Attorney General, for State.

This is a claim filed by Mary Bell Krueger (since the filing of the claim has married and her name is now Mary B. Swenker) to recover compensation for injuries received by her while in the exercise of her duties as teacher at the State School for the Deaf in Jacksonville, Illinois, in April, 1919. There is no dispute about the facts in this case. The State takes the position that it is not legally liable for compensation or in damages in cases of this kind. This contention in the opinion of the Court is correct. The State is not liable for the reason that the doctrine of *respondeat superior* does not apply to the State.

> *Hedges* v. *County of Madison,* 1 Gilm, 567.
> *Town of Waltham* v. *Kemper,* 55 Ill. 348.
> *White* v. *County of Bond,* 58 Ill. 297.
> *Symonds* v. *Clay County,* 71 Ill. 355.
> *Hollenbeck* v. *Winnebago Co.,* 95 Ill. 148-516.
> *Elmore* v. *Drainage Commrs.,* 135 Ill. 269.

Counsel for the claimant endeavor to determine the compensation in this case on the basis of the Workmen's Compensation Act, but it is admitted that the injury here complained of does not come within the provisions of the Act and no liability arises under this Act for the further reason that in conducting State institutions the State is not engaged in any of the enterprises or businesses numerated in section 3 of the Act to which the liability of the State as an employer is limited.

> *Walter J. North* v. *Board of Trustees of the University of Illinois,* 201 App. 449.

Although it is conclusive that there is no legal liability here, yet in exercising the functions for which it was created this Court has in a number of cases similar to this one held and decided that as a matter of equity and social justice the claimants were entitled to compensation and awards were accordingly made. Under this view the Court is of

the opinion that in the interest of social justice this claimant is entitled to an award and that from the evidence and facts here presented the sum of twelve hundred and thirty-four and thirty-five cents ($1,234.35) would be a reasonable award to the claimant in full of her claim. We therefore award the claimant the sum of twelve hundred thirty-four dollars and thirty-five cents ($1,234.35) in full payment of said injury.