MARY HEATER

*v.*

STATE OF ILLINOIS.

*Opinion filed April 27, 1921.*

RESPONDEAT SUPERIOR—*when State is not liable.* Claimant, an employee of the Department of Agriculture at the University of Illinois, suffered a heat stroke while in the performance of her duty. *Held,* the doctrine of *Respondeat Superior* does not apply to the State, and that it is not liable for injuries sustained by its employees in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*recommendation.* While no legal liability exists against the State, in the interest of social justice and equity, the Court recommends to the Legislature an appropriation to claimant.

Edward J. Brundage, Attorney General, for State.

Claimant was employed as a bookkeeper in the dairy husbandry office of the department of Agriculture in the University of Illinois, and while in such employ, on July 14, 1916, she suffered a heat stroke while discharging her said duties in a room provided for that purpose.

The evidence shows that in the building in which claimant was working the Department of Agriculture was sterilizing milk and manufacturing butter and cheese and that such manufacture required a great amount of heat in that portion of the building where this work was carried on. This heat was conveyed by means of pipes from the central heating plant of the University, and was either hot water or steam heat. These pipes, which led in to the manufacturing rooms, ran through the floor of the room in which claimant was employed and added considerably to the natural heat of the room. The evidence shows that July 14, 1916, was a very hot day and that the temperature was very high; that claimant was performing her duties as usual and that in the afternoon of said day she suffered a heat stroke on account of the high temperature of the room in which she performed her work, which temperature was aggravated by the heat from the pipes in the floor of the room where she was working; that she became dizzy and swooned and was carried into an adjoining room where she lapsed into unconsciousness, and remained in such condition for approximately six weeks, and that for a period of nearly two years she has been unable to attend to her usual duties, and the evidence shows that she has not yet recovered from this shock.

Claimant is twenty-nine years of age, and was earning on an average of $65.00 per month.

The State, through the Attorney General, has filed a demurrer claiming that the State is not liable in this case, setting up as a defense that the doctrine of *respondeat superior* does not apply to the State, and

that the State is conducting the University of Illinois, is exercising governmental function, and is not liable for the death or injuries of those it employs.

The rule that the doctrine of *respondeat superior* does not apply to the State has been upheld in many decisions of our Supreme Court, among which are the following:

*Elmore* v. *Drainage Commissioners,* 135 Ill., 269.

*White* v. *County of Bond,* 58 Ill., 297.

*Hedges* v. *County of Madison,* 1 Gilm., 567.

Under these decisions, the State is not liable to claimant and the claim is therefore rejected.

While the Court, as stated above, is of the opinion that the State is not legally liable, as an act of social justice and equity the Court recommends to the Legislature an appropriation to claimant of the sum of two thousand five hundred dollars ($2,500.00).