(No. 1977—)

ADDIE PORTER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1934.*

MILLER & MILLER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was filed September 1, 1932 for Five Hundred Dollars ($500.00) and alleges that while claimant was visiting "Old Salem" Park on August 28, 1931, she was injured by falling down an open concrete stairway at the Museum Building maintained by the State on the park grounds. Claimant alleges that such fall and the injury sustained by her therefrom was due to the failure of the State to provide a suitable

door, gate or bar to protect the entrance to such stairway; that as a result of the fall, she suffered a fracture and other severe injuries and bruises to her body and has expended for medical service and other attention in connection therewith the sum of Five Hundred Dollars, for which she asks an award.

In maintaining and conducting the park in question, the State is exercising a governmental function, and neither the State nor any of its agents are liable to respond in damages for the negligent acts of any of its servants. The park and the building in question are maintained solely for the benefit of the public, and there is no legal liability upon the part of the State, and the doctrine of *respondeat superior* does not apply.

*Pelka* vs. *State*, 6 C. C. R. 390.

*White* vs. *County of Bond*, 58 Ill. 297.

The distinction between cases involving private corporations or cities and the State is pointed out in the case of *City of Chicago* vs. *Seben*, 165 Ill. 371, wherein the court states:

"A distinction is taken in the text books and in many of the cases, between the liability of purely municipal corporations, such as cities and chartered towns and villages, and the non-liability of counties and towns as political divisions of the State, such towns and counties being held to be exempt from liability while chartered cities and villages are held to be subject to such liability. (1 Beach on Public Corp. Sec. 757; Tiedeman on Mun. Corp. Sec. 339.) This distinction was recognized by this court in the recent case of *Nagle* vs. *Wakey*, 161 Ill. 387, where it was said (p. 392): 'The courts draw a distinction between the town and the municipal corporation proper, on the question of liability in favor of the town.' The distinction is furthermore referred to and recognized in the following cases: *Browning* vs. *City of Springfield, supra; Town of Waltham* vs. *Kemper, supra; White* vs. *County of Bond,* 58 Ill. 297; *Symonds* vs. *Clay County,* 71 id. 355.) The reason for the distinction, as given by this court in the cases above referred to is, that cities and chartered towns and villages act under charters, by which valuable privileges are conferred upon them at their request, these privileges being held to be a consideration for the duties imposed upon them; and for the performance of these duties, like individuals, they must be responsible in an action. (*White* vs. *County of Bond, supra.*)"

For the reasons stated, no award can be made and the claim is therefore dismissed.