# CASES

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1918.

---

Fred Holm, Appellant, v. County of Cook and Peter Reinberg et al., County Commissioners of Cook County, Appellees.

### Gen. No. 24,026.

1. ACTION ON THE CASE, § 8*—*when appropriate form of action.* Trespass on the case is the appropriate form of action to recover for damages caused by the appropriation of drains and farm tiling and of a right of way across land for disposing of sewerage.

2. EMINENT DOMAIN, § 35*—*when property taken and damaged for public use without compensation.* A declaration which sets up that the drainage from a county institution is, without compensation, conducted from the institution through plaintiff's lands and tiling system which he had installed for his own uses, sets up a state of facts from which it appears that his property has been both taken and damaged for public use without compensation.

3. COUNTIES, § 67*—*when may be sued for tort.* A county may be sued in tort for taking and damaging property in constructing a county institution, while acting within its general powers.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Holm v. County of Cook et al., 213 Ill. App. 1.

Court at the March term, 1918.    Reversed and remanded.    Opinion filed December 24, 1918.

COBURN & BENTLEY, for appellant.

MACLAY HOYNE, for appellees; ERNST BUEHLER, of counsel.

MR. PRESIDING JUSTICE McDONALD delivered the opinion of the court.

This is an appeal from a judgment rendered in favor of appellees (defendants below), on a directed verdict, in an action shown by the declaration to be one of trespass on the case.

On the trial below, plaintiff sought to prove the allegations contained in his declaration, but the court sustained an objection thereto and directed a verdict for the defendants, on the theory that Cook County, being a municipal corporation and a branch of the government of the State of Illinois, could not be sued in an action of tort.

The declaration set forth, in substance, that on the 1st day of April, A. D. 1910, and for a long time prior thereto, plaintiff was the owner in fee simple of certain farm lands therein described, situate in the County of Cook; that said lands were being used for farming purposes and had always been so used since he acquired title thereto; that prior to the injuries complained of, plaintiff had improved said lands by laying a tiling system below the surface, whereby he drained his lands into a certain ditch known as the Calumet Drainage District Ditch; that said tiling was required to be and was of a porous nature and was loosely laid so as to absorb and admit the moisture from the soil, thereby preventing it from becoming sour, soggy and unfit for cultivation; that the said defendant, the County of Cook, by its board of county commissioners, caused to be erected a large infirmary upon a large tract of land

which it owns immediately west of and adjoining the lands of plaintiff, known as Oak Forest Infirmary, or Poor Farm, where it furnished a home and refuge for about 3,000 inmates and employees; that all the buildings comprising said infirmary were equipped with modern plumbing and sewerage facilities; that defendant maintained therein large laundries, sculleries, kitchens, closets, and waterworks for flushing the same and carrying off the sewerage from the said infirmary in a certain drain or conduit; that in so doing the said defendant, Cook County, by and through its board of county commissioners, officers and agents, did appropriate, take and use the said drains and farm tiling of the plaintiff, and conduct its said sewerage through the same for a period of 4 years and from thence hitherto, and did then and there, in so doing, take and use the said farm tiling of plaintiff and the right of way across the plaintiff's premises for the disposition of the said sewerage into the ditch of the said Calumet Drainage District, for a public purpose, and wrongfully, without making any just compensation to the plaintiff for the said taking and using of the said tile for the said purposes, or for the damage thereto and to the tenements, lands and soil of the plaintiff there; that the said sewerage so conducted onto and across the said premises contained soap, chemicals, noxious gases and all ordinary impurities characterizing sewerage, and has so sealed and filled the pores in the said tiling that the same is wholly destroyed for the use for which it was intended, viz., of absorbing the moisture in the soil of plaintiff's lands, and that the various chemicals and moisture in said sewerage have leaked and continue to leak into and through the soil of the plaintiff, so as to saturate the same, and render the same unfit for the purpose of cultivation, and incapable of producing vegetation, and that said noxious gases therein have escaped onto the premises so as to render the same undesirable and unhealthy to live

upon; that such taking and using was, is, and at all times has been, with the knowledge of the said board, and was and has been a matter of public necessity; that thereby plaintiff has been damaged and his lands and improvements decreased in value, by reason of the said taking and using, for public purposes as aforesaid, from thence up to the time of the commencement of this suit, etc.

It is insisted by plaintiff that the action here brought is one to recover compensation for the wrongful taking of and damage to his lands and tiling system for a public use without compensation. Defendant, on the other hand, argues that, being a municipality in the exercise of its governmental functions, an action in tort will not lie against it.

So far as the *form* is concerned, if an action does lie against Cook County for the injuries complained of, trespass on the case is the appropriate one. *Bradbury v. Vandalia Levee & Drainage Dist.*, 236 Ill. 36; *Allen v. City of Decatur*, 23 Ill. 332.

The paramount question here presented for determination is, whether any action will lie against Cook County under the facts hereinabove related.

Section 13 of the Bill of Rights (Const. Ill. of 1870, art. II) provides that "private property shall not be taken or damaged for public use without just compensation"; that "such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law."

It will be seen, from an examination of the declaration, that when defendant constructed the said Oak Forest Infirmary, it contemplated that all sewerage was to be conducted from its lands into the Calumet Drainage District Ditch, by means of plaintiff's said tiling system, which was in fact done. Such action was tantamount to an appropriation not only of plaintiff's lands for this purpose, but also the tiling system which plaintiff had laid for purposes entirely foreign to the

one to which defendant put it. While it is true, as argued by defendant, that the servient estate must yield to the dominant one in carrying off surface waters, etc., yet such right cannot be enlarged to permit the defendants herein to unlawfully appropriate plaintiff's said tiling system for the purpose of conducting the entire sewerage of the institution in question through plaintiff's lands. In our opinion, plaintiff's declaration sets up a state of facts from which it appears that his said property has been both taken and damaged for public use without compensation.

In *May v. County of Logan,* 30 Fed. 250, an action was brought to recover damages for the infringement of a patent right for an improvement in the construction of prisons. The right to a recovery was there sustained, upon the theory that "the obligation to do justice rests upon all persons, natural and artificial; and if a *county* obtains the money or property of others, without authority, the law, independent of any statute, will compel restitution or compensation." To the same effect are: *May v. County of Mercer,* 30 Fed. 246, and *Coburn v. San Mateo County,* 75 Fed. 520.

Dillon, the well known authority on municipal corporations, in discussing the implied corporate liability for wrongful acts, says, p. 2874, vol. 4, 5th Ed.:

"Cases such as those just mentioned are to be *distinguished from others* which resemble them in the circumstance of relating to wrongful acts, but which arise out of matters or transactions *within the general powers* of the corporation, and in respect of which there may be a corporate liability. Thus, if in exercising its power to open or improve streets, or to make drains and sewers, the agents or officers of a municipal corporation, through its authority or direction, *commit a trespass upon, or take possession of, private property,* without complying with the charter or statute, the corporation is liable in damages therefor."

So, in the case at bar, the defendant, Cook County, acting within its general powers, constructed the said

infirmary, the proper use of which required a sewerage system. In connecting its sewerage system with plaintiff's said tiling system and in using the latter to carry off the sewerage from the infirmary—a use for which it was clearly not intended and to which plaintiff did not consent—the defendant wrongfully appropriated and damaged plaintiff's property for public use. If, on the other hand, defendant's position were tenable, viz., that a county may never be sued in tort, then the aforesaid provision of our Constitution would be in fact nugatory, for it would leave the injured person remediless in situations as here presented.

We conclude, therefore, that the court erred in sustaining the objection to the introduction of plaintiff's offered evidence and in directing a verdict and entering judgment for the defendants.

Accordingly the judgment will be reversed and the cause remanded for further proceedings not inconsistent with the views hereinabove expressed.

*Reversed and remanded.*