Louis Sevcik, Appellee, v. The County of Cook, Appellant.

Gen. No. 38,201.

452

Opinion filed November 20, 1935.

THOMAS J. COURTNEY, State's Attorney, for appellant; HAYDEN N. BELL, JACOB SHAMBERG, WILLIAM P. KEARNEY, WILLIAM T. CRILLY and GERALD E. HORNIDGE, Assistant State's Attorneys, of counsel.

COBURN, KEARNEY & COBURN, of Chicago, for appellee; JOHN J. COBURN, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This appeal by the defendant is from a judgment of $2,000 in favor of the plaintiff and was entered by the trial court upon a verdict of the jury in an action of trespass instituted by the plaintiff against the defendant.

The purpose of this action is set forth in plaintiff's declaration, in which it is alleged in substance that the

plaintiff owned and was possessed of certain lands therein described, situated in the county of Cook, and that said land is improved with a certain dwelling and out buildings and is occupied by the plaintiff and his family, consisting of himself, his wife and children, and that part of said land is cultivated and used for growing crops and for garden purposes.

It is also alleged that Cook county, through its agents, had erected and maintained upon a large tract of land west of plaintiff's premises a large public institution known as Oak Forest Infirmary or Poor Farm, where it furnished a home for about 6,000 inmates and certain attendants and employees of the defendant; that there were installed in the building so occupied modern plumbing and sanitary improvements, and defendant maintained there large laundries, kitchen, closets and water works and created a large volume of sewage of a noxious, stinking, poisonous and offensive character which the defendant disposed of by permitting the flow of such sewage in the direction of and upon the premises of the plaintiff, and by so doing the defendant, with force and arms, on the day prior to the commencement of this action and continually for five years prior thereto, entered upon the plaintiff's premises and permitted the sewage to flow and project thereon and dispose of the poisonous, stinking and offensive sewage, and has so continued to flow said sewage upon the premises, and that by doing so, the defendant appropriated plaintiff's premises and damaged the same for a public purpose, without the consent of the plaintiff and without paying any compensation whatever therefor, and contrary to the rights of the plaintiff in the premises guaranteed by the Constitution of the State of Illinois, which provided that his property should not be taken or damaged for public purposes without just compensation.

It is further alleged that by means of such disposition of sewage upon the premises by the defendant, the premises became wholly unfit for residence purposes, and plaintiff and his family were greatly inconvenienced, annoyed and rendered sick and disordered by reason of certain stenches arising from such sewage.

To this declaration the defendant filed a plea of not guilty, together with a further plea that in the year 1915, the mesne grantors of the plaintiff sued the defendant for taking and using the same land, and that a judgment for $12,500 was rendered against the defendant, and further, that the close mentioned was the close, soil and freehold of the defendant.

The defendant contends that the county of Cook, being an involuntary corporation, is not liable at common law to respond in damages for tort. It is the generally accepted rule that counties may sue and be sued in Illinois, and while they cannot be held liable for damages in tort actions where the doctrine of *respondeat superior* must be invoked, they are nevertheless liable for property appropriated to their own use and for damages done to abutting property by reason of public improvements made in pursuance of corporate powers, and where the declaration contains all the necessary averments of fact for an action in assumpsit it is immaterial whether the declaration be considered as one in tort or in assumpsit. *Roe v. County of Cook,* 358 Ill. 568. The ground upon which this doctrine has been approved is that a county organization, such as the one in the instant case, is not voluntary but compulsory; not for the benefit of individuals who have asked for such a corporation, but for the public generally. *County of Cook v. City of Chicago,* 311 Ill. 234.

In this case the facts are not seriously questioned by the defendant, but it is apparent from the record that the question of the flow of sewage from the county institution has been the subject of litigation, and the

facts disclose that the sewage from defendant's county institution flows into a ditch, and in doing so has caused odors such as have made it uncomfortable for the plaintiff and his family to reside in the home erected by them upon the land affected by the sewage flow.

The theory of the defendant is that the plaintiff having alleged that the land was taken without just compensation and in violation of the constitutional provision, it does not appear from the facts that there was a permanent taking or damaging as contemplated by the constitutional provision, or that it was taken by the defendant for public use without compensation.

In the discussion of liability of the defendant, it is clear from the argument that the position of the plaintiff is that the defendant is liable for damages, by reason of injury and disturbance of the quiet occupancy of plaintiff's home, and that the question is one for the jury.

The general rule of law approved by the weight of authority in this and other States is that an employer is answerable in an action to recover damages for the negligence or want of skill of his agent or servant in the course or line of his employment, by which another is injured, but is held not to apply to counties, for the reason that counties are involuntary *quasi* corporations, being political or civil divisions of the State, created by general laws, to aid in the administration of the government.

In the case of *Symonds v. Clay County,* 71 Ill. 355, the court said:

"In the language of Chief Justice Marshall, in *Fowle v. Common Council of Alexandria,* 3 Pet. 398, a county may be termed a 'legislative corporation, established as a part of the government of the country.'

"The statutes prescribe all the duties which counties owe, and impose all the liabilities to which they are subject. Unless made so by express legislative enact-

ment, they are not considered liable to persons injured by the wrongful neglect of duty or wrongful acts of their officers or agents, done in the course of the performance of corporate powers or in the execution of corporate duties. The rule is the same with respect to such other organizations as townships, school districts, and road districts.'' Citing many cases in support of the above state doctrine. And the court held that where the authorities of a county employed an agent to carry on its poor-farm, and clear up a portion of it, which was in brush, and the agent, in burning the brush, carelessly or negligently permitted the fire to communicate with an adjoining farm, whereby the owner thereof sustained damage, the county was not liable.

In applying this same rule the court in the case of *Hollenbeck v. Winnebago County,* 95 Ill. 148, held that at common law a private action will not lie against a county for injuries occasioned by the negligence of its servants or officers in respect to the performance or nonperformance of their duties. And there is no distinction, in the application of this rule, between the neglecting to do or perform an act which ought to have been performed, and the performance of the duty in a· negligent manner.

The Supreme Court in the case of *White v. County of Bond,* 58 Ill. 297, and *Town of Waltham v. Kemper,* 55 Ill. 346, in applying the same rule to actions against counties for negligence in the administration of the duties of the agents and officers of the county, held that the county was not liable for an injury to the defendant for the negligent conduct of its officers or agents.

An interesting case upon the question of the rights of a person claiming to have been injured because of a nuisance maintained by the county is that of *Lefrois v. County of Monroe,* 162 N. Y. 563, in which the court held that a county, which owns and maintains, for pub-

lic purposes, a penitentiary, almshouse and farm, acts in a governmental capacity and is not liable for the acts of the officials controlling them, in permitting sewage and night soil from the buildings to be spread over the farm, and in allowing sewage and foul matter from the defendant's building to run into a stream which ran along the land of the respondent owner, thereby polluting the air, and creating and continuing a nuisance to the damage of the land and stock of a neighboring owner, and he cannot maintain an action against the county for an injunction restraining such nuisance and for damages caused thereby. Other cases may be found sustaining this doctrine that the plaintiff cannot maintain an action against a county for damages of a nature such as we have in the case before us.

As a matter of fact, the plaintiff is not seeking to recover in this case upon the ground alleged in his declaration, namely, that the plaintiff's land was appropriated and damaged for a public purpose without the consent of the plaintiff and without paying any compensation whatever, in violation of the provision of the Constitution of the State of Illinois, but seeks to recover for damages caused by the county of Cook, the defendant herein, maintaining a public nuisance in the immediate neighborhood of the plaintiff's land, which nuisance injures the health of the members of his family and disturbs the enjoyment of the plaintiff and his family in the possession of the premises described in the declaration.

The record is silent in that it does not show any evidence which would tend to guide the jury in reaching a conclusion as to the amount of damages sustained by the plaintiff. This of course is material if the plaintiff seeks to recover for the depreciation in value of the land and the improvements thereon. In this case the jury was not guided by any evidence of actual damage, but the plaintiff contends that in an action for

damages to property occasioned by the defendant's maintaining a nuisance in the vicinity, the general depreciation in the market or selling value of the property during the period of the nuisance is not the measure of damages, but plaintiff's discomfort and the deprivation of the use of his home. This of course is the rule in a proper case. However, in this case we have reached the conclusion that the plaintiff cannot maintain an action for a nuisance against the county for the reasons stated in this opinion, and such being the fact and there being no evidence in the record on the theory of depreciation in the value of the land alleged to have been taken by the county without due compensation and in violation of the statute, there is not sufficient evidence to justify an affirmance of the judgment.

It has been suggested by the defendant, county of Cook, that the court erred in not permitting this defendant to show that a former owner had recovered $12,500 for the taking and damaging of the same land for sewage purposes, and offered to show by certified copies of the record that Fred Holm, the former owner, recovered $12,500 for the appropriation of the land by the county of Cook for the taking and damaging of the land for sewage purposes, and the case of *Holm v. County of Cook*, 213 Ill. App. 1, is cited.

However, in view of the conclusions we have reached in this case it will not be necessary to pass upon the questions here contended for, and therefore the judgment for the plaintiff is reversed and the cause remanded.

*Reversed and remanded.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.