Frank H. Holt, Appellee, v. County of Cook, Appellant.

Gen. No. 38,364.

Opinion filed February 19, 1936.

THOMAS J. COURTNEY, State's Attorney, for appellant; HAYDEN N. BELL, JACOB SHAMBERG, WILLIAM P. KEARNEY, WILLIAM T. CRILLY and GERALD E. HORNIDGE, Assistant State's Attorneys, of counsel.

COBURN, KEARNEY & COBURN, for appellee; JOHN J. COBURN, of counsel.

Mr. Justice Hebel delivered the opinion of the court.

This is an appeal by the defendant from a judgment in the sum of $4,500 entered in the circuit court of Cook county upon the verdict of a jury for said amount.

The declaration alleges that the defendant caused to be erected and maintained a large poor farm with about 6,000 inmates on land neighboring plaintiff's and that a large amount of noxious, poisonous and offensive sewage was conducted away from it over plaintiff's land; that for a period of five years prior to the entry of the suit, the defendant caused said sewage to flow over plaintiff's land and in so doing did appropriate and damage plaintiff's land for public purpose without compensation contrary to the constitutional provision thereon, and that the plaintiff and his family resided on the land and that the land became unfit for residence and garden purposes.

The defendant pleaded not guilty, and alleged that in 1915 the mesne grantors of the plaintiff sued the defendant for taking and using the same land, and that a judgment for $12,500 was rendered against the defendant, and further that the close mentioned was the close, soil and freehold of the defendant.

From the facts in evidence it appears that the plaintiff purchased two lots in 1920 from a man named Kaiser, the owner of the subdivision in which the lots are located, and which is in the immediate vicinity of the large public institution known as the Oak Forest Infirmary or Poor Farm, owned and operated by the county of Cook.

It further appears that at the time of the purchase of said lots by the plaintiff the atmosphere was pure and clear, and the stream running through lots 37 and 38 was clear and unpolluted. The nuisance complained of began in June, 1923, and was caused by the county's

changing its method of disposing of sewage in the year 1922.

The evidence further shows that prior to 1922 the sewage was treated in a septic tank and after same was treated it was delivered into a large body of water, described as a lake. The change in the system was caused by the placing of a pipe by the county for the purpose of emptying the raw sewage directly into the open ditch without any treatment whatsoever, the septic tank having been abandoned; and that sewage gathered during the fall and winter of 1922 in the "slough" at Crawford avenue, and in June, 1923, after a shower it broke through Crawford avenue onto the land of the plaintiff and his neighbors, creating a condition that ruined his crops, killed his chickens, poisoned his well, and caused the plaintiff and the members of his family to become ill for a long period of time; and it is the contention of the plaintiff in this action that the county of Cook is liable to respondent in damages.

A like case was on appeal in this court, entitled *Sevcik v. County of Cook,* 282 Ill. App. 451, wherein the questions involved in the instant case were passed upon, and what was said in the opinion of the court in that case is applicable in the instant case. The court said:

"The defendant contends that the county of Cook, being an involuntary corporation, is not liable at common law to respond in damages for tort. It is the generally accepted rule that counties may sue and be sued in Illinois, and while they cannot be held liable for damages in tort actions where the doctrine of *respondeat superior* must be invoked, they are nevertheless liable for property appropriated to their own use and for damages done to abutting property by reason of public improvements made in pursuance of corporate powers, and where the declaration contains all the

necessary averments of fact for an action in assumpsit it is immaterial whether the declaration be considered as one in tort or in assumpsit. *Roe v. County of Cook,* 358 Ill. 568. The ground upon which this doctrine has been approved is that a county organization, such as the one in the instant case, is not voluntary but compulsory; not for the benefit of individuals who have asked for such a corporation, but the public generally. *County of Cook v. City of Chicago,* 311 Ill. 234. . . .

"In the discussion of liability of the defendant, it is clear from the argument 'that the position of the plaintiff is that the defendant is liable for damages, by reason of injury and disturbance of the quiet occupancy of plaintiff's home, and that the question is one for the jury.

"The general rule of law approved by the weight of authority in this and other States is that an employer is answerable in an action to recover damages for the negligence or want of skill of his agent or servant in the course or line of his employment, by which another is injured, but is held not to apply to counties, for the reason that counties are involuntary *quasi* corporations, being political or civil divisions of the State, created by general laws, to aid in the administration of the government.

"In the case of *Symonds v. Clay County,* 71 Ill. 355, the court said:

" 'In the language of Chief Justice Marshall, in *Fowle v. Common Council of Alexandria,* 3 Pet. 398, a county may be termed a "legislative corporation, established as a part of the government of the country."

" 'The statutes prescribe all the duties which counties owe, and impose all the liabilities to which they are subject. Unless made so by express legislative enactment, they are not considered liable to persons injured by the wrongful neglect of duty or wrongful

acts of their officers or agents, done in the course of the performance of corporate powers or in the execution of corporate duties. The rule is the same with respect to such other organizations as townships, school districts, and road districts.' Citing many cases in support of the above stated doctrine.

"And the court held that where the authorities of a county employed an agent to carry on its poor farm, and clear up a portion of it, which was in brush, and the agent, in burning the brush, carelessly or negligently permitted the fire to communicate with an adjoining farm, whereby the owner thereof sustained damage, the county was not liable.

"In applying this same rule, the court in the case of *Hollenbeck v. Winnebago County,* 95 Ill. 148, held that at common law a private action will not lie against a county for injuries occasioned by the negligence of its servants or officers in respect to the performance or nonperformance of their duties. And there is no distinction, in the application of this rule, between the neglecting to do or perform an act which ought to have been performed, and the performance of the duty in a negligent manner.

"The Supreme Court in the case of *White v. County of Bond,* 58 Ill. 297, and *Town of Waltham v. Kemper,* 55 Ill. 346, in applying the same rule to actions against counties for negligence in the administration of the duties of the agents and officers of the county, held that the county was not liable for an injury to the defendant for the negligent conduct of its officers or agents.

"An interesting case upon the question of the rights of a person claiming to have been injured because of a nuisance maintained by the county is that of *Lefrois v. County of Monroe,* 162 N. Y. 563, in which the court held that a county, which owns and maintains, for public purposes, a penitentiary, almshouse and farm, acts

in a governmental capacity and is not liable for the acts of the officials controlling them, in permitting sewage and night soil from the buildings to be spread over the farm, and in allowing sewage and foul matter from the defendant's building to run into a stream which ran along the land of the respondent owner, thereby polluting the air, and creating and continuing a nuisance to the damage of the land and stock of a neighboring owner, and he cannot maintain an action against the county for an injunction restraining such nuisance and for damages caused thereby. Other cases may be found sustaining this doctrine that the plaintiff cannot maintain an action against a county for damages of a nature such as we have in the case before us. . . .

"It has been suggested by the defendant, county of Cook, that the court erred in not permitting this defendant to show that a former owner had recovered $12,500 for the taking and damaging of the same land for sewage purposes, and offered to show by certified copies of the record that Fred Holm, the former owner, recovered $12,500 for the appropriation of the land by the county of Cook for the taking and damaging of the land for sewage purposes, and the case of *Holm v. County of Cook,* 213 Ill. App. 1, is cited."

This court will therefore adhere to the rule of law set forth in the foregoing opinion and apply the same to the facts in the case now before us. The judgment for the plaintiff is accordingly reversed and the cause remanded.

*Reversed and remanded.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.